**UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION**

| | |
|---|---|
| IN RE: ) | |
| ) | |
| **TSI HOLDINGS, LLC, et al.,** ) | **CASE NO. 17-30132** |
| ) | **CHAPTER 7** |
| Debtors. ) | Jointly Administered |
| ) | |

### RESPONSE TO TRUSTEE'S FIRST OMNIBUS REPORT OF CLAIMS, OBJECTIONS TO CLAIMS, AND RECOMMENDATIONS REGARDING CLAIMS AS TO TSI HOLDINGS, LLC, WSC HOLDINGS, LLC, SOUTHPARK PARTNERS, LLC, AND SHARON ROAD PROPERTIES, LLC

**TOBITHA DEESE** (hereinafter "Deese"), having a claim listed on Exhibit B to the Trustee's motion, relating to WSC Holdings, LLC, said claim being identified as claim no. 3 in the amount of $125,000.00, does hereby respond to the Trustee's motion identified above.

In response, Deese states that she does not agree with the net investment method as the method for calculating her claim against WSC Holdings, LLC. Deese does not understand paragraph 18 on page 6 of the Trustee's motion which states that this methodology (i.e. net investment method) "limits claimants to those who have deposited less than they have withdrawn." It would appear that a person who has deposited less than they have withdrawn would be a "net-winner" as described in the Trustee's motion.

Deese, a widow, loaned money to WSC Holdings, LLC, in return for an interest rate of approximately seven percent (7%) per year. She has received payments from WSC Holdings, LLC for interest, and has used those payments for her living expenses. Deese is 79 years old, and is a widow.

Additionally, Deese objects to the reduction in her claim based on any amounts received, unless those amounts were received within ninety (90) days prior to the filing of the bankruptcy case. It appears that the methodology which the Trustee is requesting that the Court approve ignores Section 547 of Title 11 of the United States Code, and attempts to insert in its place judicial decisions.

Deese further objects to the Trustee recommendation regarding Premier Fund Claimants as those claimants, which would be granted a claim of $523,946.81, paid no money into these Debtors.

Additionally, Deese objects to any orders regarding her claim until the Trustee has resolved the issue relating to life insurance proceeds paid to Diane Siskey, the widow of Richard Siskey. If the Trustee is authorized to deduct from the claim of Deese those amounts paid to her, then the Trustee should also argue that the amounts paid by Deese were used, at least in part, to pay the premiums for the life insurance policies which have now paid monies to the account of Diane Siskey. It would appear that the Trustee should be able to avoid any transfer, as the insurance policies were paid for by money from Deese and others.

Finally, Deese objects to paragraph 43 on page 13 of the Trustee's motion to the extent that it provides a right to

the Trustee to object to her claim on any other grounds "regardless of the occurrence of any deadline for filing objections to claims or for initiating avoidance actions." This provision would be in direct contravention of specific provisions of Title 11 of the United States Code, and the Bankruptcy Rules of Procedure.

**WHEREFORE,** Tobitha Deese prays that the Court deny the Trustee's recommendation and objection as to her claim, and that she be allowed a claim of $125,000.00.

This the 27th day of November, 2017.

*/s/ R. Keith Johnson*
R. Keith Johnson
Attorney for Tobitha Deese
NC State Bar No. 8840
1275 Highway 16 South
Stanley, NC 28164
(704)-827-4200