To:

United States Bankruptcy Court

Charles Jones Federal Building

401 W. Trade St

Charlotte, NC 28202

This document is a written response explaining position in regards to Sharon Road Properties LLC. Case No. 17-30363.

Per Doc 112 with Case 17-30132 Filed 11/01/17 on "Recommendation of Claims Sharon Road Properties LLC" I have an argument against the following statements.

#39 – The Trustee's assessment of the Debtor records is that SRP was not operated as Ponzi Scheme but as a legitimate business enterprise with books and records kept separate from those of other entities controlled by R. Siskey.

#39 Argument - 2016 Distribution analysis performed by Trustee attorneys Joe Grier/Anna Gorman show Overpayment to investors whom joined Sharon Road Properties in 2016 with promised returns that were outside the financial condition of SRP LLC. This clearly shows Siskey fraudulently depicted ownership interest via Subscription Agreement which required him to use funds from his percentage ownership to pay new investors. Beginning stages of a Ponzi scheme as stated earlier in document See In re Bernard L. Madoff Inv. Securities LLC, 654 F.3d 229,232.

#40 The proofs of claimed filed as to SRP represent equity interests in SRP, not creditor claims. The claims received. The claims received are reflected in the spreadsheet attached hereto as Exhibit E which reports the percentage ownership in SRP of each claimant.

#40 Argument - Percentage ownership was accurately represented. However, the terms and agreements signed by investors in 2016 do not accurately represent the financial condition of SRP LLC and show unrealistic rates of return which make the percentage ownership not valid.

#41 Upon liquidation of the assets of SRP, the Trustee will propose distribution based upon the equity interests reflected in Exhibit E.

#41 Argument – The Net Investment Method (Money In – Money Out) should be applied as stated in #20 because it is consistent with the Bankruptcy Code which generally supports the public policy of correcting fraudulent transactions.

Additional Argument – Operating Agreement Section 5.4 (ii) and (iii). The Manager (Siskey) is not allowed to issue additional Interests in the company without consent of existing members. Manager cannot use funds except for benefit of company. Overpaying investors based on false ownership interest is not in the best interest of the company.

Additional Argument – Operating Agreement Section 11.10. Disputes shall be settled under Arbitration.

Andrew Peterson

7768 Burning Ridge Dr. Stanley, NC 28164

JACKSON MS 390
22 NOV 2017 PM 2 L

RECEIVED
U.S. Bankruptcy Court
of NC

NOV 28 2017

Steven T. Salata, Clerk
Charlotte Division
JLB

28202-161936

U.S Bankruptcy Court
Charles Jones Federal Building
401 W. Trade St
Charlotte, NC 28202

Andrew Peterson
7768 Burning Ridge Dr
Stanley, NC 28164