IN THE UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| In re: ) | |
| ) | Case No. 17-30132 |
| TSI HOLDINGS, LLC ) | Chapter 7 |
| ) | (Involuntary Proceeding) |
| Debtor. ) | |

**RESPONSE AND OBJECTION OF JAMES BURT TO TRUSTEE'S FIRST OMNIBUS REPORT OF CLAIMS, OBJECTIONS TO CLAIMS, AND RECOMMENDATIONS REGARDING CLAIMS AS TO TSI HOLDINGS, LLC, WSC HOLDINGS, LLC, SOUTHPARK PARTNERS, LLC, AND SHARON ROAD PROPERTIES, LLC; AND REQUEST FOR HEARING**

JAMES BURT (hereinafter "Burt"), having a claim listed on Exhibits D and E to the Trustee's motion, relating to Sharon Road Properties, LLC, said claim being identified as claim no. 35 in the amount of $905,824.00, responds to the Trustee's motion as follows:

1.      Burt invested virtually all of his savings and retirement funds, and other funds, with Rick Siskey ("Siskey"). Siskey was to manage Burt's money with the goal being Burt's early retirement from Bellsouth. Siskey assured Burt that the funds would be placed into a self-directed IRA, the original principal would not be touched, and that Burt could live off of the interest (said to be accruing at the annual rate 10%). Burt received regular quarterly reports which showed an account balance consistent with this understanding.

2.      In the first quarter of 2003, all but $100,000.00 of the $1,083,575.65 principal was said to have been invested in Sharon Roads Properties, LLC ("SRP"). The remaining $100,000.00 was supposedly invested in a land venture known as Pinnacle at Mountain View LLC.

3.      In 2013, Burt's account was allegedly transferred to "Equity Institutional". Burt continued to receive Quarterly Reports showing that his account had a balance in excess of $1,000,000.00.

4.      In 2016, Burt's account was allegedly transferred to "Mainstar Trust". The Mainstar Trust reports showed a balance consistent to what had previously been shown. Burt's alleged account balance has been consistently reported on IRS Forms 5498 and/or 1099R by one or more Siskey related entities.

5.      Siskey advised Burt that Burt's funds were invested in SRP, and that payments were made to Burt from rent paid by tenants of SRP's office building. This understanding is contrary to the Trustee's statement that "…the owners of SRP (other than the Outside Investors) received rental income generated by the commercial building…".

6.      Burt was never advised that he was an "Outside Investor" in SRP. That designation was not used in any of the reports which Burt received. Burt was advised by "Sterling Trust Company, Investment Review Department" that he was an investor in SRP. The Trustee's pleading does not adequately explain the basis for attempting to classify Burt as an "Outside Investor", other than to state that a) Burt was a member of a group "....who Siskey qualified as "Outside Investors") and b) that "[w]ith the exception of the Outside Investors, the books and records of SRP reflect membership interests held by investors in SRP which total 100%...". In light of the Trustee's statement that "...the balances reflected [on account statements] appear to have been totally fictitious and not based upon any actual investment or holding", there is no reason the Court should rely on SRP's books and records in determining which investors "actually" have membership interests and which do not. That method would essentially allow alleged "owners" of equity interests in SRP (as shown on Exhibit E) based simply on how Siskey chose to characterize a certain investment, and how that investment was shown on the books and records of SRP.

7.      Burt does not agree with the net investment method as the method for calculating his claim. Burt does not understand paragraph 18 on page 6 of the Trustee's motion which states that this methodology (i.e. net investment method) "limits claimants to those who have deposited less than they have withdrawn."

8.      Burt objects to the reduction of his claim based on any amounts received, unless those amounts were received within ninety (90) days prior to the filing of the bankruptcy case. It appears that the methodology which the Trustee is requesting that the Court approve ignores Section 547 of Title 11 of the United States Code, and attempts to insert in its place judicial decisions.

9.      Burt objects to any orders regarding her claim until the Trustee has resolved the issue relating to life insurance proceeds paid to Diane Siskey. If the Trustee is authorized to deduct from the claim of Burt those amounts paid to him, then the Trustee should also argue that the amounts paid by Burt were used, at least in part, to pay the premiums for the life insurance policies which have now paid monies to the account of Diane Siskey. It would appear that the Trustee should be able to avoid any transfer, as the insurance policies were paid for by money from Deese and others.

10.     Burt objects to paragraph 43 on page 13 of the Trustee's motion to the extent that it provides a right to the Trustee to object to her claim on any other grounds "regardless of the occurrence of any deadline for filing objections to claims or for initiating avoidance actions." This provision would be in direct contravention of specific provisions of Title 11 of the United States Code, and the Bankruptcy Rules of Procedure.

WHEREFORE, Burt prays that the Court:

A.      Allow sufficient time for discovery concerning the issues raised in the Trustee's pleading;

B.      Allow Burt's claim as filed, and characterize is as equity in SRP if supported by the facts and law;

C.      Provide him with such other relief as is equitable.

This 30th day of November, 2017.

**THE HENDERSON LAW FIRM**

**  /s/ James H. Henderson         **
James H. Henderson
State Bar No. 13536
1201 Harding Place
Charlotte NC 28204-2826
Telephone:     704.333.3444
Facsimile:     704.333.5003
Email:         henderson@title11.com

# IN THE UNITED STATES BANKRUPTCY COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION

| | |
|---|---|
| In re: ) | |
| ) | Case No. 17-30132 |
| TSI HOLDINGS, LLC ) | Chapter 7 |
| ) | (Involuntary Proceeding) |
| Debtor. ) | |

## CERTIFICATE OF SERVICE

This is to certify that the undersigned has this day served the attached **RESPONSE AND OBJECTION OF JAMES BURT TO TRUSTEE'S FIRST OMNIBUS REPORT OF CLAIMS, OBJECTIONS TO CLAIMS, AND RECOMMENDATIONS REGARDING CLAIMS AS TO TSI HOLDINGS, LLC, WSC HOLDINGS, LLC, SOUTHPARK PARTNERS, LLC, AND SHARON ROAD PROPERTIES, LLC**; **AND REQUEST FOR HEARING** to all parties or their attorney of record requesting notice and to the following:

U. S. Bankruptcy Administrator
alexandria_p_kenny@ncwba.uscourts.gov

Joseph W. Grier, Trustee
jgrier@grierlaw.com

This 30th day of November, 2017.

**THE HENDERSON LAW FIRM**

     /s/ James H. Henderson     
James H. Henderson
State Bar No. 13536
1201 Harding Place
Charlotte NC 28204-2826
Telephone:     704.333.3444
Facsimile:     704.333.5003
Email:         henderson@title11.com