IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| IN RE: ) | |
| ) | Case No. 17-30132 |
| TSI HOLDINGS, LLC, et al. ) | Chapter 7 |
| ) | |
| Debtor. ) | |

**RESPONSE TO TRUSTEE'S FIRST OMNIBUS REPORT OF CLAIMS, OBJECTIONS TO CLAIMS, AND RECOMMENDATIONS REGARDING CLAIMS AS TO TSI HOLDINGS, LLC, WSC HOLDINGS, LLC, SOUTHPARK PARTNERS, LLC, AND SHARON ROAD PROPERTIES, LLC**

Stone Street Partners, LLC (Claim No. 87), Dawn E. King (Claim No. 88), and Paul G. Porter (Claim No. 89) (collectively, "Claimants") hereby respond and object to the Trustee's proposed denial of their claims, as stated in the Trustee's First Omnibus Report of Claims, Objections to Claims, and Recommendations regarding Claims as to TSI Holdings, LLC, WSC Holdings, LLC, Southpark Partners, LLC, and Sharon Road Properties, LLC (hereafter, the "Trustee's Report"), and respectfully show the Court as follows:

1. On August 22, 2017, each of the Claimants filed a Proof of Claim in this Court. Stone Street Partners, LLC's claim is in the amount of $17,383,847.00, for damages to its business directly and proximately caused by the Ponzi schemes operated by Richard C. Siskey, who used the Debtor as one of the instrumentalities to perpetrate his unlawful scheme. Dawn E. King's claim is in the amount of $4,000,000.00, for damages she has sustained as a result of the Siskey Ponzi scheme. Paul G. Porter's claim is in the amount of $5,000,000.00, for damages he has sustained as a result of the Siskey Ponzi scheme. The factual basis for each of these claims is set forth in full detail in the Complaint filed in the Superior Court of Mecklenburg County, North Carolina, in the civil action entitled *Stone Street Partners, LLC (f/k/a Siskey Capital, LLC, Paul G. Porter and Dawn E. King, Plaintiffs v. F. Lane Williamson, Administrator for the Estate of Richard C. Siskey,*

*Diane M. Siskey, Metropolitan Life Insurance Company and MSI Financial Services, Inc. (f/k/a MetLife Securities, Inc.)*, bearing Case No. 17-CVS-15265.  A copy of said Complaint is attached to each of the Claimants' Proofs of Claim.  Claimants assert their Proofs of Claim against the Debtor because the Debtor was one of the instrumentalities used by Richard C. Siskey to perpetrate his Ponzi schemes that directly, foreseeably and proximately caused great damage to each of the Claimants.

2.    The Trustee's Report purports to deny each of the Claimants' claims on the stated grounds that Claimants did not make any investment in the Debtor.  However, those who invested money in the Debtor are not the only victims of the fraudulent and illegal conduct engaged in by Richard Siskey through his use of the Debtor and other similar Ponzi entities.  Claimants are also victims of Siskey's frauds.  Claimant Stone Street Partners, LLC was and still is a legitimate business, with real assets, real investments, audited financial statements, and an honest business purpose, but when the Siskey fraud (about which Stone Street knew nothing) became public Stone Street's business was devastated and destroyed.  Similarly, Claimants Dawn King and Paul Porter invested their professional careers and reputations in Stone Street Partners, LLC, and when the Siskey fraud (about which they knew nothing) became public their professional reputations were damaged by their prior association with Richard Siskey, they have (or shortly will) lose their jobs with Stone Street, and they will not be able to find comparable employments elsewhere due to the taint of the Siskey frauds, which he perpetrated using the Debtor and other similar Ponzi entities.

3.    The Trustee's Report appears to allow claims filed by <u>investors</u> in the Debtor while denying claims filed by other victims damaged by the Debtor's fraudulent conduct, including Claimants.  The Trustee's proposed denial of Claimants' claims has no basis in fact or in law, and

amounts to unfair treatment. Accordingly, Claimants object to the Trustee's proposed denial of their claims.

4. Claimants request a hearing to determine the merits of this dispute.

WHEREFORE, Claimants request that the Court deny the Trustee's recommendations and objections to their claims, and that their claims be allowed in the amounts stated in their respective Proofs of Claim.

Respectfully submitted this 30th day of November, 2017.

/s/ James C. Smith
James C. Smith
NC State Bar No. 8510
Nexsen Pruet, PLLC
227 West Trade Street
Suite 1550
Charlotte, NC 28202
704.338.5352
704.805.4731 (Facsimile)
jsmith@nexsenpruet.com

Attorney for Claimants

**CERTIFICATE OF SERVICE**

I hereby certify that on November 30, 2017, a copy of the foregoing Response to Trustee's First Omnibus Report of Claims, Objections to Claims, and Recommendations Regarding Claims as to TSI Holdings, LLC, WSC Holdings, LLC, Southpark Partners, LLC, and Sharon Road Properties, LLC was filed with the Clerk of the Court using the CM/ECF system, which will automatically send email notification of such filing to all parties' attorneys of record.

/s/ James C. Smith
James C. Smith
Attorney for Claimants