UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

IN RE:

TSI HOLDINGS, LLC[1]

Debtor.

Case No. 17-30132
Chapter 7
(Involuntary Proceeding)

**RESPONSE TO TRUSTEE'S FIRST OMNIBUS REPORT OF CLAIMS, OBJECTIONS TO CLAIMS, AND RECOMMENDATIONS REGARDING CLAIMS AS TO TSI HOLDINGS, LLC, WSC HOLDINGS, LLC, SOUTHPARK PARTNERS, LLC AND SHARON ROAD PROPERTIES, LLC**

Claimant Michael Salamone ("Salamone"), by and through undersigned counsel, respectfully submits this response to the Trustee's First Omnibus Report of Claims, Objections to Claims, and Recommendations Regarding Claims [Docket No. 112] (the "Objection"). In support of this response, Salamone respectfully shows the Court as follows:

**I.    SALAMONE'S CLAIM AND THE TRUSTEE'S OBJECTION**

Salamone timely filed his Proof of Claim as to Debtor TSI Holdings, LLC ("TSI") on August 15, 2017 [Claim No. 61]. Salamone's claim of $1,725,000.00, including $1,500,000.00 in principal and $225,000 in interest payments, is based upon three promissory notes—dated May 1, 2014; January 15, 2015; and October 1, 2016—executed and guaranteed by TSI, promising to pay principal sums due thereunder, together with interest, at set payment dates (the "Promissory Notes").

Together with his Proof of Claim, Salamone filed an Addendum related to questions propounded by the Trustee about additional, earlier monies paid to and received from TSI (the

---

[1] These jointly administered cases are those of the following debtors: TSI Holdings, LLC, Case No 17-30132; WSC Holdings, LLC, Case No. 17-30338; SouthPark Partners, LLC, Case No. 17-30339; and Sharon Road Properties, LLC, Case No. 17-30363.

1

"Addendum"). [Addendum to Claim No. 61.] The Addendum includes monies paid to and received from TSI in connection with principal and interest on additional, earlier promissory notes that were satisfied and paid in full prior to the petition date (the "Satisfied Notes").[2] Salamone's claim is not based on the Satisfied Notes.

On November 1, 2017, the Trustee filed its Objection, wherein it proposed application of the Net Investment Method—a "Money-in – Money out" calculation that reduces claims for principal ("money in") by the amount of any payment to the creditors ( "money out") regardless of the reason for the payment. [Objection, ¶ 16.]

## II. RESPONSE TO TRUSTEE'S OBJECTION

Salamone's claim is supported by valid and enforceable Promissory Notes. Application of the Net Investment Method to Salamone's claim (as recommended by the Trustee), would apply interest payments to reduce the principal amount owed to Salamone and effectively convert the Promissory Notes to equity investments. Salamone's claim, however, is based on contract and not investments, and should be allowed in its entirety as it relates to principal and pre-petition interest.

Further, even if the Court determines that application of the Net Investment Method to Salamone's claim is appropriate, the Trustee's calculation is improper as it deducts from Salamone's claim interest payments made on the Satisfied Notes.

    A.    <u>Salamone's claim is based on three valid and enforceable Promissory Notes.</u>

Salamone's claim is based on three Promissory Notes that TSI issued to Salamone, promising to pay principal sums due thereunder, together with interest, at set payment dates. On May 1, 2014, TSI issued the first promissory note to Salamone in the amount of $500,000.00 (the

---

[2] One of the notes was satisfied and closed on January 14, 2015 and the other on September 30, 2016.

"2014 Note"), payable in full on May 1, 2017. On January 15, 2015, TSI issued the second promissory note to Salamone in the amount of $500,000.00 (the "2015 Note"), payable in full on January 15, 2018. On October 1, 2016, TSI issued the third promissory note to Salamone in the amount of $500,000.00 (the "2016 Note"), payable in full on October 1, 2018. As of the petition date, TSI owed the entirety of the principal on all three Promissory Notes, totaling $1,500,000.00, as well as one pre-petition interest payment in the amount of $45,000.00.

The Promissory Notes are valid and enforceable instruments under North Carolina law. *See Sam Stockton Grading Co. v. Hall*, 111 N.C. App. 630, 433 S.E.2d 7 (1993). Salamone fulfilled his contractual obligations under the Promissory Notes by loaning $1,500,000.00 in principal to TSI, and TSI breached the terms of the Promissory Notes by failing to repay the loans. The Trustee does not dispute the existence of the Promissory Notes, that Salamone delivered the loan proceeds or that TSI failed to repay the Promissory Notes. Nevertheless, the Trustee proposes to treat Salamone's claim for payment of principal and interest on the Promissory Notes the same as investor claims for phantom gains on investments subject to application of the "Net Investment Method."

    B.    <u>Application of the Net Investment Method would improperly treat the Promissory Notes as equity investments.</u>

By applying the Net Investment Method to Salamone's claim, the Trustee ignores the contractual nature of the Promissory Notes and effectively converts the loans evidenced thereby into equity investments without providing any analysis or basis to do so. Salamone's claim is based on loans, not equity investments, and his claim should be treated as such. The Promissory Notes clearly demonstrate that Salamone loaned, and TSI borrowed, monies from Salamone pursuant to certain contractual obligations. Salamone's relationship with TSI is thus that of a

3

lender, and not an investor.[3] This Court should thus refuse to apply the Net Investment Method to Salamone's claim.

In support of its recommendation that the Court apply the Net Investment Method, the Trustee argues that the Net Investment Method "disregards false profits" and cites to the Second Circuit's opinion related to the Bernie Madoff bankruptcy cases. [Objection, ¶¶ 18, 19.] However, the cited Second Circuit Opinion analyzes whether the Net Investment Method is an appropriate methodology related to *investor* claims; the opinion does not discuss whether the same method should be applied to lender claims. *See In re Bernard L. Madoff Inv. Sec. LLC*, 654 F.3d 229 (2d Cir. 2011). Interest payments made by TSI to Salamone pursuant to TSI's contractual obligations under the Promissory Notes do not represent "false profits" pursuant to an investment scheme, and thus should not be deducted from Salamone's claim.

C. <u>The Trustee's calculation incorrectly includes interest payments on the Satisfied Notes.</u>

Even if the Court adopts the Trustee's recommendation and applies the Net Investment Method to Salamone's claim, only those interest payments related to the Promissory Notes upon which Salamone's claim is based should be deducted.

Salamone's claim is not based on the Satisfied Notes. However, the Trustee's "Money in – Money out" calculation deducts from the principal amount owed to Salamone on the Promissory Notes interest payments made to Salamone on both the Promissory Notes and the Satisfied Notes. Specifically, only three payments totaling $135,000.00 identified in the "Amount Distributed or Withdrawn" column of the Addendum to Salamone's Proof of Claim (the "Addendum")—payments on 05/01/2015, 01/15/2016 and 05/01/2016—were in fact interest

---

[3] The Trustee improperly categorizes Salamone as an investor in its Objection, requesting that the Court "approve the proposed treatment of *investor claims* …". [Objection, pg. 2 (emphasis added).]

4

payments on the Promissory Notes. [Addendum, ¶ 4.] The remaining amounts listed in the "Amount Distributed or Withdrawn" column were payments of interest on the Satisfied Notes—which were paid in full prior to the petition date and for which no claim has been made. Thus, should the Court apply the Net Investment Method recommended by the Trustee, Salamone's claim for outstanding principal should be deducted only by $135,000.00 for interest payments paid by TSI on the Promissory Notes.

    D.    <u>Pre-petition interest earned on the Promissory Notes should be allowed as part of Salamone's claim.</u>

In addition to outstanding principal in the amount of $1,500,000.00, pre-petition interest earned on the 2015 Note in the amount of $45,000.00 should be allowed as part of Salamone's claim. [Addendum, ¶ 7.]

Pre-petition interest is properly included in a claim so long as the interest is in accordance with the terms of the parties' contract. *See In re Lichtin/Wade, LLC*, No. 12–00845–8–RDD, 2012 WL 3260287, at *3 (E.D.N.C. Aug. 8, 2012) ("Section 502 generally allows a claim for pre-petition interest, including interest at the default rate if provided for in the parties' agreement, in accordance with the terms of the contract."). Here, each Promissory Note explicitly provides for interest at nine percent per annum on the unpaid balance until paid or until default and nine percent per annum interest after default until paid. [*See* Exhibits to Claim No. 61.] Thus, the Court should allow pre-petition interest in the amount of $45,000.00 in Salamone's claim.

**III.    CONCLUSION**

Because the Promissory Notes are enforceable by law, Salamone's claim for $1,500,00.00 in principal, plus $45,000.00 in pre-petition interest, should be allowed without deduction pursuant to application of the Net Investment Method. However, if the Court nevertheless applies the Net Investment Method to Salamone's claim, interest payments made by

5

TSI on the Satisfied Notes should not be deducted from outstanding principal owed on the Promissory Notes. Wherefore, Salamone prays that the Court deny the Trustee's recommendation and objection as to his claim, and that he be allowed a claim of $1,545,000.00.

This the 1st day of December, 2017.

*/s/ Jeffrey C. Grady*
Jeffrey C. Grady
N.C. State Bar No. 32695
jeff.grady@kattenlaw.com
*Attorney for Michael Salamone*

**OF COUNSEL:**

**KATTEN MUCHIN ROSENMAN LLP**
550 S. Tryon Street, Suite 2900
Charlotte, NC 28202-4312
Telephone: (704) 444-2036
Facsimile: (704) 344-3198

## CERTIFICATE OF SERVICE

I hereby certify that on December 1, 2017, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system and have verified that such filing was sent electronically using the CM/ECF system to all parties requesting notice through the Court's electronic noticing system.

*/s/ Jeffrey C. Grady*
Jeffrey C. Grady
*Attorney for Michael Salamone*

**OF COUNSEL:**

**KATTEN MUCHIN ROSENMAN LLP**
550 S. Tryon Street, Suite 2900
Charlotte, NC 28202-4312
Telephone: (704) 444-2036
Facsimile: (704) 344-3198