# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# Charlotte Division

| | |
|---|---|
| In re: | Chapter 7 cases |
| TSI HOLDINGS, LLC, | Case No. 17-30132 (Lead) |
| WSC HOLDINGS, LLC, | Case No. 17-30338 |
| SOUTHPARK PARTNERS, LLC, AND | Case No. 17-30339 |
| SHARON ROAD PROPERTIES, LLC, | Case No. 17-30363 |
| Debtors. | (Jointly Administered) |

### TRUSTEE'S REPLY TO TOBITHA DEESE'S RESPONSE TO TRUSTEE'S MOTION TO RECONSIDER BENCH ORDER

Joseph W. Grier, III, the duly appointed trustee ("Trustee") for the above-referenced debtors (the "Debtors") in these jointly-administered bankruptcy cases, through counsel, hereby files this *Reply* in support of the *Trustee's Motion to Reconsider Bench Order (A) To Re-Notice Response Deadline Regarding Trustee's Claims Report and (B) Setting Claims for Claimants Not Filing Responses* (D.E. 136) filed by the Trustee on December 14, 2017 (the "Motion to Reconsider") and in response to the *Response* to the Motion to Reconsider (D.E. 145) filed by Tobitha Deese on January 3, 2018 (the "Deese Response") and respectfully represents as follows:

1. The Deese Response raises several arguments relevant only to the substantive legal issues to be resolved by the Court in connection with the hearing scheduled in this case for January 24. 2018. The Trustee intends to respond to those arguments of the Deese Response in a brief to be filed in advance of the January 24, 2018 hearing.

2. As to those points in the Deese Response directed to the Motion to Reconsider, the Trustee's primary concern is ensuring equal treatment of like creditors.

3. As explained by the Supreme Court in the bankruptcy case involving Charles Ponzi himself:

> It is a case the circumstances of which call strongly for the principle that **equality is equity**, and this is the spirit of the bankrupt law.[1]

4. Reasonable minds might differ on the most equitable method of claims resolution in any given Ponzi scheme case; however, so long as like victims are treated equally, then equity will ultimately be satisfied.[2] Although the specific circumstances will dictate the most equitable claims resolution method in a particular case, "[t]he fundamental principle which emerges from [Ponzi scheme] case law is that any distribution should be done equitably and fairly, **with similarly-situated investors or customers treated alike**."[3]

5. In this respect, Ponzi schemes liquidated through the United States Bankruptcy Code do not differ from Ponzi schemes liquidated through federal equity receiverships. Even in bankruptcy, similarly-defrauded victims of a Ponzi scheme should receive equal treatment.[4] This is wholly consistent with the prime bankruptcy policy of ensuring an equality of distributions among similarly-situated creditors.

6. Typically, when a court disagrees with an estate fiduciary's recommendation on some treatment of claims in a Ponzi scheme liquidation and instead adopts the recommendation of a certain investor or group of investors, that recommendation is adopted wholesale as to all

---

[1] *Cunningham v. Brown*, 265 U.S. 1, 13 (1924) (emphasis added).

[2] *See S.E.C. v. Byers*, 637 F.Supp.2d 166, 176–77 (S.D.N.Y. 2009) (determining the appropriate claims distribution method in a Ponzi scheme receivership using "equality is equity" as a guiding principle); *Quilling v. Trade Partners, Inc.*, 2007 WL 107669, at *2 (W.D. Mich. Jan. 9, 2007) ("It is well within the district court's discretion to reject equitable principles . . . [to] order a *pro rata* distribution to treat all defrauded investors equally in proportion to their losses. . . . The use of a pro rata distribution plan is especially appropriate for fraud victims of a Ponzi scheme . . . . . . . '[E]quality is equity' as among 'equally innocent victims' ").

[3] *S.E.C. v. Credit Bancorp, Ltd.*, 2000 WL 1752979, at *13 (S.D.N.Y. Nov. 29, 2000) (emphasis added).

[4] *In re Pearlman*, 484 B.R. 241, (Bankr. M.D. Fla. 2012) (holding that "[w]here individuals have been similarly defrauded, **all** should recover their principal before any one of them recovers profits or interest" (emphasis added)); *Emerson v. Maples (In re Mark Benskin & Co., Inc.)*, 161 B.R. 644, 655–56 (Bankr. W.D. Tenn. 1993) (refusing to allow one Ponzi scheme victim "a better recovery than similarly defrauded creditors").

similarly-situated investors and is not limited to those investors who made the recommendation.[5] The same rule should apply here.

7. The argument in the Deese Response that "in almost every bankruptcy case claimants are treated differently based on different facts" fails for several reasons. First and foremost, while different facts might lead to different allowed claim amounts, the *method* of determining what is or what is not allowable does not vary from creditor to creditor in a typical bankruptcy case. Second, the Deese Response seeks to treat claimants differently based on identical (not different) substantive facts; the only difference being the procedural fact of who filed an objection and who did not. Finally, the Deese Response wholly ignores the fact that these jointly-administered cases are not the typical bankruptcy case involving legitimate contractual relationships, but rather involve the complex unwinding of a Ponzi scheme that warrants special considerations, especially in terms of ensuring fair treatment of the victims.

8. For these reasons and others appearing in the Motion to Reconsider, the Court should relieve the Trustee from immediately re-noticing the claims report and should not finalize the claims of non-objecting claimants until after the hearing on the methodology for computing claims has been held.

This is the 3d day of January, 2018.

                                                 */s/ Michael L. Martinez*
                                               Michael L. Martinez (N.C. Bar No. 39885)
                                               Grier Furr & Crisp, PA
                                               101 North Tryon Street, Suite 1240
                                               Charlotte, NC 28246
                                               Phone: 704/375.3720; Fax: 704/332.0215
                                               Email: mmartinez@grierlaw.com

                                               *Attorneys for Joseph W. Grier, III, Trustee*

---

[5] *See, e.g.*, *C.F.T.C. v. Barki, LLC*, 2009 WL 3839389, at *2 (W.D.N.C. Nov. 12, 2009) (adopting the net investment distribution method upon the recommendation of certain investors (over the receiver's recommendation to use the rising tide distribution method) and applying that method across the board).

3