IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
Charlotte Division

| | |
|---|---|
| **In re:** | **CASE NO. 17-30132 (LEAD)** |
| **TSI Holdings, LLC,** | **CASE NO. 17-30338** |
| **WSC Holdings, LLC,** | **CASE NO. 17-30339** |
| **SouthPark Partners, LLC and** | **CASE NO. 17-30363** |
| **Sharon Road Properties, LLC.** | **CHAPTER 7** |
| **DEBTORS.** | **Jointly Administered** |

**TRUSTEE'S MOTION FOR AUTHORITY TO ENTER INTO
AGREEMENT WITH DIANE SISKEY TO RELEASE A PORTION OF
<u>LIFE INSURANCE PROCEEDS (AND ENABLE INTERIM DISTRIBUTION)</u>**

Joseph W. Grier, III, the duly appointed trustee ("Trustee") for the above-referenced debtors (the "Debtors") in these jointly-administered bankruptcy cases, through counsel, hereby brings this *Trustee's Motion for Authority to Enter into Agreement with Diane Siskey to Release a Portion of Life Insurance Proceeds (And Enable Distribution)* (this "Motion"), and in support, respectfully shows the Court as follows:

**BACKGROUND**

1. On January 27, 2017, an involuntary bankruptcy petition (D.E. 1) pursuant to chapter 7 of the United States Bankruptcy Code, 11 U.S.C. §§ 101 *et seq.* (the "Code"), was filed against TSI Holdings, LLC ("TSI"), initiating this case (this "Case"). On February 2, 2017, the Court held an emergency hearing on the petitioning creditors' emergency motion to appoint an interim trustee for the Debtor in this Case (D.E. 5) (the "Trustee Motion"). On February 8, 2017, the Court entered its Order granting the Trustee Motion (D.E. 17), appointing the Trustee. The Court subsequently entered its *Order For Relief* (D.E. 32) on February 22, 2017.

1

2. Similar involuntary petitions and motions were filed against WSC Holdings, LLC ("WSC"), SouthPark Partners, LLC ("SPP") and Sharon Road Properties, LLC ("SRP"), and the Court appointed the Trustee and entered orders for relief in those cases.

3. The Court authorized the joint administration of these four cases by order entered on May 23, 2017 (D.E. 63).

4. Evidence presented to the Court in the Trustee Motion, including an affidavit of Timothy Darin Stutheit, a Special Agent with the Federal Bureau of Investigation, showed that Rick Siskey ("R. Siskey"), prior to his death on December 28, 2016, operated TSI as a Ponzi scheme (the "Ponzi Scheme") (D.E. 5).

5. Based on the Debtor records, and other evidence, the Trustee and his professionals are of the opinion that TSI, WSC, and SPP were each operated as part of the Ponzi Scheme. Further, six investors, who R. Siskey qualified as "Outside Investors," in SRP were also part of the Ponzi Scheme.

6. R. Siskey's decedent's estate (the "Estate") is being administered in Mecklenburg County, North Carolina by F. Lane Williamson ("Williamson"), in case number 17-E-243. The Trustee and Williamson are coordinating their case administrations. Williamson has also succeeded R. Siskey as Manager of Siskey Industries, LLC ("Siskey Industries").

7. Diane Siskey ("D. Siskey") is the widow of R. Siskey.

8. After the death of R. Siskey, D. Siskey received life insurance proceeds totaling approximately $46,937,999.00 from four MetLife insurance policies insuring the life of R. Siskey. Of that amount, D. Siskey placed $37,495,257.43 into a custodial account at Regions Bank (the "Escrow Account").

9. D. Siskey and the Trustee have entered into an agreement (the "Agreement") subject to this Court's approval. A copy of the Agreement is attached hereto as "Exhibit A" and

is incorporated herein by reference. Pursuant to the Agreement, D. Siskey and the Trustee agree to the release of $15,000,000.00 (the "Released Funds") from the Escrow Account to be used as set forth in the Agreement.

10. D. Siskey proposes to use $2,225,000 of the Released Funds[1] under a separate settlement agreement that she and Williamson, both on behalf of the Estate and Siskey Industries, have entered into with Michael Salamone ("Salamone"). Pursuant to that settlement, Salamone will mark the following four notes (the "Salamone Notes") as paid in full, resolving claims against TSI, the Estate, Siskey Industries, and asserted by Salamone against D. Siskey regarding her alleged personal guarantees of the Salamone Notes:

   a. Note from TSI Holdings, Inc. for $500,000, dated 5/1/14;
   b. Note from Siskey Industries, LLC for $250,000, dated 9/23/14;
   c. Note from Siskey Industries, LLC for $500,000, dated 3/16/15; and
   d. Note from Siskey Industries, LLC for $1,000,000, dated 3/16/16.

The outstanding balance under those four promissory notes is approximately $2,879,218, including principal and interest. Salamone will still hold claims against TSI and Siskey Industries for claims not included in this settlement agreement.

11. The balance of the Released Funds, or $12,750,000.00, will be available to the Trustee to pay bankruptcy estate administrative expenses allowed by the Court and to fund an interim distribution to Ponzi Scheme claimants allowed by the Court (the "Allowed Claimants"); *provided, however*, that no interim distribution is made to Stone Street Partners, LLC, f/k/a Siskey Capital, LLC, Paul G. Porter, or Dawn E. King ("Stone Street Claimants").

12. Pursuant to the Agreement, D. Siskey and the Trustee agree that $7,500,257.45 of the Released Funds represents the full distribution of proceeds paid to D. Siskey from MetLife

---

[1] D. Siskey will also pay $100,000 from other funds to Salamone as a part of her settlement with Salamone.

3

"Policy 825" insuring the life of R. Siskey. Policy 825 had a $10,000,000 death benefit that was paid on or about January 23, 2017 to four beneficiaries, including $7,500,257.45 to D. Siskey.

13. Williamson, on behalf of both the Estate and Siskey Industries, consents to the Trustee's entry into the Agreement.

**RELIEF REQUESTED**

14. Through this Motion, the Trustee requests entry of an Order authorizing the Trustee to enter into the Agreement with D. Siskey.

**ARGUMENT**

15. By entering into the Agreement, the Trustee will be able, in short order, to propose an interim distribution to Allowed Claimants. Upon authorization for the Trustee to enter into the Agreement, and after the settlement of allowed claims by this Court, the Trustee will file a Motion to Approve an Interim Distribution setting forth proposed interim distribution amounts per Allowed Claimant.

16. The Trustee has objected to the claims filed by the Stone Street Claimants and the Court has not yet ruled on the Trustee's objection. The Trustee does not propose to include the Stone Street Claimants in the interim distribution. The Trustee has requested that the Stone Street Claimants consent to the proposed interim distribution.

17. Upon entry into the Agreement, $12,750,000.00 will be released into the Debtors' bankruptcy estates.[2] The Trustee believes that it would be in the best interests of claimants of the Debtors' bankruptcy estates for the Trustee to be authorized to enter into the Agreement with D. Siskey as proposed herein.

---

[2] The Trustee proposes to deposit the settlement proceeds into the Trustee's TSI bank account, as property of the estate, subject to the understanding that the four Debtor cases have been administratively but not substantively consolidated; the Trustee's forthcoming Motion to Approve Interim Distribution would propose an allocation of the life insurance proceeds among the Debtor cases to correspond with Allowed Claims in each case.

4

18. Entry in this Agreement will also facilitate the administration by Williamson of the Estate and of Siskey Industries.

19. The Agreement represents only a partial resolution of the disputes between the Trustee and D. Siskey and facilitates an interim, not final, distribution of the proceeds from the R. Siskey life insurance policies to victims of the Ponzi Scheme. The Trustee and D. Siskey are actively engaged in negotiations to reach a more comprehensive settlement that would bring this Case closer to a full and final resolution.

## **NOTICE**

20. Notice shall be sent pursuant to the *Order Limiting Service of Process* (D.E. 66) as follows: (a) upon the Bankruptcy Administrator and those parties requesting notice via ECF pursuant to Bankruptcy Rule 2002 via ECF; (b) on any party in interest where the Trustee has a valid electronic mail address by electronic mail only; (c) by posting all pleadings on the Siskey-Related Bankruptcy Case Webpage; and (d) upon D. Siskey, through counsel.

WHEREFORE, the Trustee prays that the Court will enter an Order:

1) Granting this Motion;

2) Authorizing the Trustee to execute the Agreement and carry out its terms; and

3) Awarding such additional relief as is just and proper.

This is the 3d day of February, 2018.

                     */s/ Michael L. Martinez*
                     Joseph W. Grier, III (State Bar No. 7764)
                     Anna S. Gorman (State Bar No. 20987)
                     Michael L. Martinez (State Bar No. 39885)
                     Grier Furr & Crisp, PA
                     101 North Tryon Street, Suite 1240
                     Charlotte, North Carolina 28246
                     Telephone: 704.375.3720; Fax: 704.332.0215
                     mmartinez@grierlaw.com

                     *Attorneys for Joseph W. Grier, III, Ch. 7 Trustee*

This document sets out the principal terms of an agreement (the "Agreement") between Diane M. Siskey ("Siskey") and Joseph W. Grier, III ("Grier"), as Bankruptcy Trustee of TSI Holdings, LLC, WSC Holdings, LLC, South Park Partners, LLC and Sharon Road Properties, LLC (collectively, the "Parties"), all debtors in the U.S. Bankruptcy Court for the Western District of North Carolina (the "Bankruptcy Court"). No acknowledgment, statement, agreement, or undertaking set forth in this Agreement shall be binding upon either Party until entry of an Approval Order (defined below) by the Bankruptcy Court.

1. Siskey received life insurance proceeds from four MetLife insurance policies on the life of Richard Siskey, totaling approximately $46,937,999 (the "Insurance Proceeds"), consisting of the following receipts:
    a. $35,625,000.00 from MetLife policy ***147;
    b. 7,500,257.45 from MetLife policy ***825;
    c. 3,000,807.72 from MetLife policy ***624; and
    d. 811,935.17 from MetLife policy ***479.
2. Siskey paid $37,495,257.43 of the Insurance Proceeds into a custodial account at Regions Bank (the "Escrow Account").
3. Siskey and Grier agree to the release of $15,000,000.00 (the "Released Funds") from the Escrow Account, to be used pursuant to this Agreement.
4. Siskey may pay $2,250,000.00 from the Released Funds (the "Salamone Funds") to Michael Salamone in full satisfaction of the following promissory notes issued to Mr. Salamone by TSI Holdings, Inc. and Siskey Industries, LLC (the "Salamone Notes"), and to resolve claims asserted by Mr. Salamone against Siskey regarding her alleged personal guarantees of the Salamone Notes:
    a. Promissory Note from Siskey Industries, LLC for $1,000,000 dated March 16, 1016;
    b. Promissory Note from Siskey Industries, LLC for $500,000 dated March 16, 2015;
    c. Promissory Note from Siskey Industries, LLC for $250,000 dated September 23, 2014; and
    d. Promissory Note from TSI Holdings, Inc. for $500,000, dated May 1, 2014.
5. Grier may use the balance of the Released Funds (the "Interim Distribution Fund") to pay bankruptcy administrative expenses and an interim distribution on investor claims as allowed by the Bankruptcy Court.
6. Unless Siskey waives such requirement in writing, none of the Interim Distribution Fund is to be used to pay claims of Stone Street Partners, LLC, f/k/a Siskey Capital, LLC, Paul G. Porter, or Dawn E. King.
7. The Parties agree that the Released Funds include a full distribution of the proceeds paid to Siskey, in the amount of $7,500,257.45, from MetLife policy ***825, and Grier agrees and acknowledges that he shall have no further claim to or rights in respect of the proceeds of MetLife policy ***825 paid to Siskey.
8. Grier agrees that, so long as the negotiations between him and Siskey for a full settlement are proceeding in good faith, said determination to be made in his sole discretion, he will join Siskey in opposing the examination under Bankruptcy Rule 2004 of Siskey by other parties.

**EXHIBIT A**

9. The Parties to this Agreement acknowledge that it is made at Siskey's request, and is not intended to be an acknowledgment of liability or culpability in any respect by either Party.
10. This Agreement is subject to the approval of Lane Williamson, as Administrator of the Estate of Richard C. Siskey.
11. The Parties acknowledge and agree that (i) Grier shall not use the entry into this Agreement or the undertaking of any obligations herein, to assert that Siskey has consented to or otherwise become subject to the personal jurisdiction of the Bankruptcy Court, (ii) the Parties' obligations under this Agreement shall be subject to entry of an Approval Order (defined below) that is acceptable to Siskey in her reasonable discretion, including, without limitation, a finding by the Bankruptcy Court that the entry into and performance of this Agreement and any document related thereto shall not subject Siskey to the personal jurisdiction of the Bankruptcy Court.
12. This Agreement is subject to entry of an order by the Bankruptcy Court (an "Approval Order") authorizing and approving Grier's entry into and performance of this Agreement, after notice and hearing. In the event the Bankruptcy Court has not entered the Approval Order by April 30, 2018, either Party may terminate this Agreement.
13. This Agreement and any other document or communication in connection herewith (collectively, the "Settlement Documents") are and are intended to be in the nature of settlement communications. The Parties agree and acknowledge that the Settlement Documents are settlement communications subject to Rule 408 of the Federal Rules of Evidence (and any corresponding rules in other jurisdictions limiting the introduction of settlement communications as evidence in any proceeding).

DIANE M. SISKEY

Date: 2-2-18

JOSEPH W. GRIER, III, AS BANKRUPTCY TRUSTEE OF TSI HOLDINGS, LLC, WSC HOLDINGS, LLC, SOUTH PARK PARTNERS, LLC AND SHARON ROAD PROPERTIES, LLC

Date: 2/4/18

F. LANE WILLIAMSON, ADMINISTRATOR OF THE ESTATE OF RICHARD C. SISKEY

Date: 2/02/2018

**EXHIBIT A**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
Charlotte Division**

| | |
|---|---|
| **In re:** | **CASE NO. 17-30132 (LEAD)** |
| **TSI Holdings, LLC,** | **CASE NO. 17-30338** |
| **WSC Holdings, LLC,** | **CASE NO. 17-30339** |
| **SouthPark Partners, LLC and** | **CASE NO. 17-30363** |
| **Sharon Road Properties, LLC.** | **CHAPTER 7** |
| **DEBTORS.** | **Jointly Administered** |

## NOTICE OF HEARING

TAKE NOTICE that on **Monday, March 12, 2018 at 9:30 a.m. in Bankruptcy Courtroom 1-4 in the United States Courthouse, 401 West Trade Street, Charlotte, North Carolina** this Court will conduct a hearing on *Trustee's Motion for Authority to Enter into Agreement with Diane Siskey to Release a Portion of Life Insurance Proceeds (And Enable Distribution)* (the "Motion").

Your rights may be affected.  You should read this Notice carefully and discuss it with your attorney, if you have one in this bankruptcy case.  If you do not have an attorney, you may wish to consult one.

IF YOU DO NOT WANT THE COURT TO GRANT THE RELIEF REQUESTED IN THE MOTION OF IF YOU WANT THE COURT TO CONSIDER YOUR VIEWS ON THE MOTION, THEN YOU OR YOUR ATTORNEY SHOULD ATTEND THIS HEARING AT 9:30 A.M. ON MONDAY, MARCH 12, 2018, IN BANKRUPTCY COURTROOM 1-4 IN THE 9 UNITED STATES COURTHOUSE, 401 WEST TRADE STREET, CHARLOTTE, NORTH CAROLINA.

If you or your attorney do not take these steps, the Court may decide that you do not oppose the relief requested in the Motion and may enter an order approving the Motion.

This, the 3d day of February, 2018.

*/s/ Michael L. Martinez*
Michael L. Martinez (State Bar No. 39885)
Grier Furr & Crisp PA
101 North Tryon Street, Suite 1240
Charlotte, North Carolina 28246
Telephone: 704/375.3720; Fax: 704/332.0215
mmartinez@grierlaw.com

1

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
Charlotte Division**

| | |
|---|---|
| **In re:** | |
| **TSI Holdings, LLC,** | **CASE NO. 17-30132 (LEAD)** |
| **WSC Holdings, LLC,** | **CASE NO. 17-30338** |
| **SouthPark Partners, LLC and** | **CASE NO. 17-30339** |
| **Sharon Road Properties, LLC.** | **CASE NO. 17-30363** |
| **DEBTORS.** | **CHAPTER 7** <br> **Jointly Administered** |

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that copies of the foregoing ***Trustee's Motion for Authority to Enter into Agreement with Diane Siskey to Release A Portion Of Life Insurance Proceeds (And Enable Interim Distribution)*** and ***Notice for Hearing*** was served was served pursuant to the *Order Limiting Service of Process* (D.E. 66) on all parties requesting notice through the Court's electronic noticing system including the Bankruptcy Administrator, by electronic mail to each party in interest where the Trustee has a valid email address, and by posting on the website being maintained by the Trustee regarding these Cases at https://tsiholdings.wordpress.com and as set forth below.

Matthew P. McGuire (*matt.mcguire@alston.com*)
Thomas Walker (*thomas.walker@alston.com*)
Caitlin Counts (*caitlin.counts@alston.com*)
*Attorneys for Diane Siskey*
*Via Email*

This is the 3d day of February, 2018.

*/s/ Michael L. Martinez*
Michael L. Martinez (State Bar No. 39885)
Grier Furr & Crisp PA
101 North Tryon Street, Suite 1240
Charlotte, North Carolina 28246