

FILED & JUDGMENT ENTERED
Steven T. Salata

May 15 2018

Clerk, U.S. Bankruptcy Court
Western District of North Carolina

_____
J. Craig Whitley
United States Bankruptcy Judge

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
### Charlotte Division

| | |
|---|---|
| **In re:** | **CASE NO. 17-30132** |
| **TSI Holdings, LLC[1] et al.,** | **CHAPTER 7**<br>Jointly Administered |
| **DEBTORS.** | |

**ORDER (I) APPROVING BIDDING AND AUCTION PROCEDURES IN CONNECTION WITH THE SALE OF THE INTEREST OF SHARON ROAD PROPERTIES, LLC IN BISSELL PORTER SISKEY, LLC, (II) APPROVING AGREEMENT WITH STALKING HORSE BIDDER, AND (III) SCHEDULING AUCTION <u>AND SALE APPROVAL HEARING</u>**

THIS MATTER coming before the Court on May 7, 2018 upon *Trustee's Motion for Order (I) Approving Bidding and Auction Procedures in Connection with the Sale of the Interest of Sharon Road Properties, LLC in Bissell Porter Siskey, LLC, (II) Approving Agreement with Stalking Horse Bidder, and (III) Scheduling Auction and Sale Approval Hearing* (this "Motion") (D.E. 198) following notice to all parties in interest; and one limited objection having been filed by Thomas J. Crozier, Jr. and Kent Kalina (D.E. 229) and verbal objections raised by Martha Boggs, through her attorney, at the hearing. Parties appearing were Joseph W. Grier, III and Anna S. Gorman on behalf of the Trustee, Charles M. Ivey, III on behalf of Martha Boggs and

---

[1] These jointly administered cases are those of the following debtors: TSI Holdings, LLC, Case No. 17-30132, WSC Holdings, LLC Case No. 17-30338, SouthPark Partners, LLC Case No. 17-30339 and Sharon Road Properties, LLC Case No. 17-30363.

Drew Boggs, and Richard B. Fennell representing Thomas J. Crozier, Jr. and Kent Kalina. Based upon the Motion, the record in the case, the evidence presented at the hearing and arguments of counsel, the Court is of the opinion that the relief requested in the Motion is in the best interests of Sharon Road Properties, LLC ("SRP"), its Bankruptcy Estate and equity holders, and after due deliberation and sufficient cause finds and concludes as follows:

## PROPERTY TO BE SOLD

1. SRP owns a 32.55% interest (the "BPS Interest") in Bissell Porter Siskey, LLC ("BPS"), which in turn owns a commercial building located at 4521 Sharon Road, Charlotte, North Carolina (the "Office Building"). BPS's only tangible asset is the Office Building. The Office Building includes an approximately three-acre parcel of land located across Sharon Road from the South Park Mall in Charlotte, North Carolina. The Office Building is a 70,839 square foot multi-tenant office building, which generates rents sufficient to cover operating and maintenance costs and to make distributions to BPS's members on a regular basis. The remaining 67.45% interest in BPS is owned by Bissell Porter Three, LLC ("BP3"). BP3 agrees that, pursuant to the terms of BPS's operating agreement (the "Operating Agreement"), the Trustee has the full power and authority to transfer SRP's economic interest in BPS only, but not any voting rights or any other portion of SRP's BPS membership interest.

2. The Trustee has the authority under the Operating Agreement to transfer SRP's economic interest in BPS.

3. On November 15, 2017, this Court entered an order approving the employment of Bailey W. Patrick and his firm, MPV Properties, LLC ("MPV"), to serve as the Trustee's broker to find a suitable purchaser for the BPS Interest. MPV has actively marketed the BPS Interest

since November and, although multiple parties have demonstrated interest in the BPS Interest, only one formal offer to purchase has been made.

### STALKING HORSE BID

4.  The Trustee has received a Stalking Horse bid from QuickLiquidity, LLC (the "Stalking Horse"), a copy of which is attached to the Motion as Exhibit A (the "Stalking Horse Bid").

5.  The Stalking Horse Bid generally provides that the initial purchase price for the BPS Interest shall be $1,600,000.00 (the "Initial Bid Price") with no financing contingencies; the Trustee shall have a marketing period following entry of this order (the "Bid Deadline") to solicit additional offers for the BPS Interest; if a Qualified Bid (defined below) is received on or before the Bid Deadline, then the Trustee shall conduct an auction of the BPS Interest pursuant to the bidding and auction procedures defined below; after the auction the Court will conduct a hearing to confirm the sale pursuant to § 363 of the Code; if the Stalking Horse is the winning bid at the auction or if no Qualified Bids are received on or before the Bid Deadline, then the Stalking Horse shall close on the purchase of the BPS Interest within ten (10) days of an order confirming the sale becoming a final, non-appealable order; if the Stalking Horse is not the winning bidder at the auction or if the Trustee cancels the sale for no fault of the Stalking Horse, then the Trustee shall pay the Stalking Horse a break-up fee in the amount of $40,000.00 (the "Break-Up Fee") (approved in Order entered on April 30, 2018 D.E. 242) contemporaneously with the closing or within fourteen (14) days of cancelling the sale.

6.  The Stalking Horse is neither an "insider" of SRP within the meaning of 11 U.S.C. § 101(31) nor otherwise affiliated or related to SRP.

7. The Trustee believes that a fair value of the BPS Interest exceeds the Initial Bid Price. However, based on the advice of MPV, the Trustee believes that agreeing to the terms of the Stalking Horse Bid will compel potential purchasers to come forward and will otherwise generate additional interest in the BPS Interest reasonably likely to facilitate an effective auction of the BPS Interest.

## BIDDING AND AUCTION PROCEDURES

8. The Bidding and Auction Procedures shall be as follows:

   (a) Any person(s) or entity(ies) wishing to participate in the auction pursuant to the following Bidding and Auction Procedures concerning the auction of the BPS Interest (the "Auction") shall deliver, on or before the **Bid Deadline which is 5:00 p.m. July 12, 2018**, an executed proposed purchase contract to: MPV Properties, LLC, ATTN: Bailey W. Patrick, 2400 South Boulevard, Suite 300, Charlotte, NC 28203, *BPatrick@mpvre.com*.

   (b) The Trustee shall initially retain complete discretion to determine whether a purchase contract received qualifies to participate in the Auction (a "Qualified Bid"). If a party is denied the designation of presenting a Qualified Bid by the Trustee, nothing herein restricts or limits such party from seeking a Court Order finding its offer to be a Qualified Bid. Generally, a Qualified Bid will have the following characteristics, unless otherwise ordered by the Court:

   (i) is timely submitted on or before the Bid Deadline;

   (ii) proposes a purchase price that exceeds the Initial Bid Price by at least $100,000.00;

   (iii) identifies the person(s) or entity(ies) submitting the purchase contract (the "Bidder"), including a disclosure of any affiliation or relationship with SRP, Siskey, any insider(s) of SRP, or any creditor(s) of SRP;

   (iv) provides evidence satisfactory to the Trustee of the Bidder's financial wherewithal to consummate the proposed transaction (if requested by the Trustee, the Bidder may be required to make a refundable earnest money deposit with the Trustee in order to have a Qualified Bid);

4

    (v) warrants that it is not subject to any additional due diligence, any financing contingency(ies), or any further board or similar corporate approval;

    (vi) provides that it is irrevocable by the Bidder until the later of (A) consummation of a sale of the BPS Interest to any other bidder and (B) the first business day that is thirty (30) days after the Auction;

    (vii) commits to closing on the purchase of the BPS Interest within ten (10) days of an order confirming the sale becoming a final, non-appealable order;

    (viii) agrees that the sale of the BPS Interest is "as-is, where-is" with no warranties express or implied by the Trustee, other than a warranty that the Trustee has done nothing to impair title and will defend title against the lawful claims of all persons claiming by, under, or through the Trustee; and

    (ix) represents and warrants to the Trustee that the Bidder (A) has relied solely upon the Bidder's own independent review, investigation, and/or inspection of the BPS Interest in making the bid and (B) did not rely upon any written or oral statements, representations, promises, warranties, or guarantees whatsoever, whether express, implied, by operation of law or otherwise, by the Trustee regarding the BPS Interest.

(c) The Stalking Horse Bid is automatically deemed to be a Qualified Bid.

(d) All due diligence shall be completed prior to the Bid Deadline, such that all bids at the Auction will be free of all contingencies other than the Court's confirmation of the sale free and clear of liens, with any liens transferring to the sale proceeds. The Trustee shall provide potential bidders with any and all documents requested prior to the Bid Deadline that are in the Trustee's possession or are readily available to the Trustee. The Trustee may require a potential bidder to execute a confidentiality agreement as a condition to providing documents to the potential bidder. The Trustee shall not be obligated to furnish access to any information of any kind whatsoever regarding the BPS Interest after the Bid Deadline.

(e) After a Bidder submits a bid, the Trustee may, in the Trustee's complete discretion, communicate with the Bidder and request any additional information deemed necessary to evaluate whether the bid should be accepted as a Qualified Bid.

5

(f) The Trustee, either directly or through MPV, will give appropriate notice of the Auction to all Bidders submitting Qualified Bids.

(g) If no Qualified Bids other than the Stalking Horse Bid are received, then the Trustee shall schedule a hearing with the Court to confirm the sale to the Stalking Horse within 30 days of the Bid Deadline.

(h) If any additional Qualified Bids are received, then the Trustee (or the Court) shall conduct the **Auction which will be held on July 19, 2018 at 2:00 pm** in Bankruptcy Courtroom 1-4 in the United States Courthouse, 401 West Trade Street, Charlotte, North Carolina.

(i) Only Bidders submitting Qualified Bids and the Stalking Horse are eligible to participate in the Auction. All Bidders wishing to bid at the Auction shall appear at the Auction—either in person or telephonically—through a duly authorized representative.

(j) Prior to the Auction, the Trustee shall select the Qualified Bid that, in the Trustee's complete discretion, reflects the highest or otherwise best value for the BPS Interest as the Auction's opening bid. The Trustee (or the Court) shall then commence the Auction by announcing the opening bid. Thereafter, Auction participants may submit bids that are higher and better than a prior bid in increments of at least $100,000.00 until the Trustee selects a successful bid; *provided, however*, that the Trustee (or the Court) shall retain complete discretion to adjust the overbid increments upward or downward during the Auction, to consider credit bidding by current equity holders of SRP interests or other alternative bidding structures, or to convey less than the whole BPS Interest.

(k) Subject to the approval of the Court, the Trustee may adjourn the Auction and/or adopt supplemental Auction rules or procedures in order to facilitate a more effective Auction.

(l) The Trustee shall select the successful bid and a back-up bid during the Auction and conclude the Auction by announcing the successful bid and a back-up bid to the Court. At the conclusion of the Auction, the Court will conduct a confirmation hearing to consider whether to approve the sale pursuant to § 363 of the Code.

(m) If the Court approves a sale of the BPS Interest based on the successful bid from the Auction, then the maker of the successful bid shall close on the purchase of the BPS Interest within ten (10) days of the order confirming the sale becoming a final, non-appealable order. If the maker of the successful bid fails to consummate the purchase of the BPS Interest, then the maker of the back-up bid shall close on the purchase of the BPS Interest within twenty (20) days of

the order confirming the sale becoming a final, non-appealable order.

9. The Trustee shall have the express right to determine whether any bid is a Qualified Bid and whether any Qualified Bid is the successful bid or back-up bid. The Trustee shall have the right to seek all available damages from the maker of the successful bid or the back-up bid if such bidder wrongfully fails to consummate the purchase of the BPS Interest pursuant to these Bidding and Auction Procedures.

10. The Trustee has demonstrated sound business justification for this Court to grant the relief requested in the Motion, including, but not limited to: (a) approval of the Bidding and Auction Procedures with regard to the sale of the BPS Interest and authorization of the Trustee's engagement in conduct necessary to carry out the Auction Procedures, (b) approval of the Stalking Horse Bid; and (c) approval of the form and manner of the Auction Notice.

11. The Bidding Procedures set forth above are fair, reasonable and appropriate and represent the best method for maximizing the value of the BPS Interest.

12. The Auction Notice, substantially in the form of Exhibit 1 attached hereto, and incorporated herein by reference (the "Auction Notice") is appropriate and reasonably calculated to provide all interested parties with timely and proper notice of the sale of the BPS Interests, the Bidding Procedures, the Auction and Sale Approval Hearing, and no other or further notice is required.

### SALE CONFIRMATION HEARING

13. The sale confirmation hearing shall be held on **July 19, 2018 at 2:00 pm** following the Auction in Bankruptcy Courtroom 1-4 in the United States Courthouse, 401 West Trade Street, Charlotte, North Carolina, whereby the Court will consider whether to authorize the sale of the BPS Interest free and clear of all liens, with any liens transferring to the proceeds of

the sale.  In the Court's determination of confirming the Auction, this Court may take into consideration any alternative sale proposal of all or a portion of the SRP's interest being auctioned.  Furthermore, if this Court denies confirmation because an alternative sale is in the best interest of this Debtor, creditors and other parties in interest, this Court may confirm said alternative sale at the confirmation hearing.  If any party intends to present an alternative sale, the details of said alternative shall be in writing and served on the Trustee on or before the Bid Deadline.  The Trustee shall provide said written alternative to all prospective bidders presenting Qualified Bids.

### NOTICE PROCEDURE

14. The Trustee shall serve the Auction Notice, as follows:

   (a) upon the Bankruptcy Administrator and those parties requesting notice via ECF pursuant to Rule 2002 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") via ECF;

   (b) upon on any party-in-interest for whom the Trustee has a valid electronic mail address by electronic mail only;

   (c) by posting on the Siskey-Related Bankruptcy Case Webpage, https://tsiholdings.wordpress.com/; and

   (d) upon BP3, the other holder of a membership interest in BPS.

**IT IS SO ORDERED.**

**This Order has been signed**                **United States Bankruptcy Court**
**electronically.  The judge's**
**signature and court's seal**
**appear at the top of the Order.**

## EXHIBIT 1

## AUCTION NOTICE

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## Charlotte Division

| | |
|---|---|
| **In re:** | **CASE NO. 17-30132** |
| **TSI Holdings, LLC[2] et al.,** | **CHAPTER 7**<br>Jointly Administered |
| **DEBTORS.** | |

### AUCTION NOTICE

On May 7, 2018, the U.S. Bankruptcy Court for the Western District of North Carolina (the "Court") granted the *Trustee's Motion for Order (I) Approving Bidding and Auction Procedures in Connection with the Sale of the Interest of Sharon Road Properties, LLC in Bissell Porter Siskey, LLC, (II) Approving Agreement with Stalking Horse Bidder, and (III) Scheduling Auction and Sale Approval Hearing* (the "Motion") and entered an order in the above-captioned jointly-administered bankruptcy cases approving the Bidding and Auction Procedures proposed by Joseph W. Grier, III, the duly-appointed chapter 7 trustee ("Trustee") for Sharon Road Properties, LLC ("SRP"), which relate to the sale of SRP's 32.55% interest in Bissell Porter Siskey, LLC (the "BPS Interest"). The Bidding and Auction Procedures are as follows:[3]

**ASSETS TO BE SOLD**: The Trustee seeks to sell the interest owned by Sharon Road Properties, LLC ("SRP") in Bissell Porter Siskey, LLC ("BPS"). BPS owns a commercial building located at 4521 Sharon Road, Charlotte, North Carolina (the "Office Building"). The Office Building is a 70,839 square foot multi-tenant office building, which generates rents sufficient to cover operating and maintenance costs and to make distributions to BPS's members on a regular basis. The Office Building includes an approximately three-acre parcel of land located across Sharon Road from the South Park Mall in Charlotte, North Carolina. The Trustee receives monthly reports from BPS detailing the income and expenses relating to the Office Building. The Trustee is selling SRP's economic interest in BPS only, but not any voting rights or any other portion of SRP's BPS membership interest.

**BID DEADLINE**: Any person(s) or entity(ies) wishing to participate in the auction of the BPS Interest (the "Auction") shall deliver, **on or before 5:00 p.m. July 12, 2018** (the "Bid Deadline"), an executed proposed purchase contract to: MPV Properties, LLC, ATTN: Bailey W. Patrick, 2400 South Boulevard, Suite 300, Charlotte, NC 28203, *BPatrick@mpvre.com*.

**BID REQUIREMENTS**: The Trustee shall retain complete discretion to determine whether a purchase contract received qualifies to participate in the Auction (a "Qualified Bid"). Generally, a Qualified Bid will have the following characteristics, unless otherwise ordered by the Court.

---

[2] These jointly administered cases are those of the following debtors: TSI Holdings, LLC (17-30132), WSC Holdings, LLC (17-30338), SouthPark Partners, LLC (17-30339), and Sharon Road Properties, LLC (17-30363).

[3] The Actual Order approving Bidding and Auction Procedures (D.E. __) is available from the undersigned or the United States Bankruptcy Court for the Western District of North Carolina and should be reviewed by any potential bidder.

(1) A Qualified Bid must be timely submitted on or before the Bid Deadline.

(2) A Qualified Bid proposes a purchase price that exceeds $1,700,000.00.

(3) A Qualified Bid identifies the person(s) or entity(ies) submitting the purchase contract (the "Bidder"), including a disclosure of any affiliation or relationship with SRP, Richard C. (Rick) Siskey, any insider(s) or creditor(s) of SRP.

(4) A Qualified Bid provides evidence satisfactory to the Trustee of the Bidder's financial wherewithal to consummate the proposed transaction (if requested by the Trustee, the Bidder may be required to make a refundable earnest money deposit with the Trustee in order to have a Qualified Bid).

(5) A Qualified Bid warrants that it is not subject to any additional due diligence, any financing contingency(ies), or any further board or similar corporate approval.

(6) A Qualified Bid provides that it is irrevocable by the Bidder until the later of (A) consummation of a sale of the BPS Interest to any other bidder and (B) the first business day that is thirty (30) days after the Auction.

(7) A Qualified Bid commits to closing on the purchase of the BPS Interest within ten (10) days of an order confirming the sale becoming a final, non-appealable order.

(8) A Qualified Bid agrees that the sale of the BPS Interest is "as-is, where-is" with no warranties express or implied by the Trustee, other than a warranty that the Trustee has done nothing to impair title and will defend title against the lawful claims of all persons claiming by, under, or through the Trustee.

(9) A Qualified Bid represents and warrants to the Trustee that the Bidder (A) has relied solely upon the Bidder's own independent review, investigation, and/or inspection of the BPS Interest in making the bid and (B) did not rely upon any written or oral statements, representations, promises, warranties, or guarantees whatsoever, whether express, implied, by operation of law or otherwise, by the Trustee regarding the BPS Interest.

**DUE DILIGENCE**:  All due diligence must be completed by any Bidders on or before the Bid Deadline, such that all bids at the Auction will be **free of all contingencies** other than the Court's confirmation of the sale free and clear of liens, with any liens transferring to the sale proceeds. The Trustee shall provide Bidders with any and all documents requested prior to the Bid Deadline that are in the Trustee's possession or are readily available to the Trustee.  The Trustee may require a Bidder to execute a confidentiality agreement as a condition to providing documents to the Bidder.  The Trustee shall not be obligated to furnish access to any information of any kind regarding the BPS Interest after the Bid Deadline.

**SELECTION OF QUALIFIED BIDS**:  After a Bidder submits a bid, the Trustee may, in the Trustee's complete discretion, communicate with the Bidder and request any additional information deemed necessary to evaluate whether the bid should be accepted as a Qualified Bid.  The Trustee will send a written Auction invitation to all Bidders submitting Qualified Bids on or before July 16, 2018.

3

**LOCATION OF AUCTION**: If any Qualified Bids (other than the "Stalking Horse Bid" (as that term is defined in the Motion)) are received, then the Trustee (or the Court) shall conduct the Auction in **Bankruptcy Courtroom 1-4 in the United States Courthouse, 401 West Trade Street, Charlotte, North Carolina**.

**DATE OF AUCTION**: The Auction and/or sale confirmation hearing will be on **July 19, 2018 at 2:00 p.m**.

**AUCTION PROCEDURES**: The following rules shall govern the Auction.

(1) Only Bidders submitting Qualified Bids and the Stalking Horse (as that term is defined in the Motion) are eligible to participate in the Auction. All Bidders wishing to bid at the Auction shall appear at the Auction—either in person or telephonically—through a duly authorized representative.

(2) Prior to the Auction, the Trustee shall select the Qualified Bid that, in the Trustee's complete discretion, reflects the highest or otherwise best value for the BPS Interest as the Auction's opening bid. The Trustee (or the Court) shall then commence the Auction by announcing the opening bid.

(3) Thereafter, Auction participants may submit bids that are higher and better than a prior bid in increments of at least $100,000.00 until the Trustee selects a successful bid; *provided, however*, that the Trustee (or the Court) shall retain complete discretion to adjust the overbid increments upward or downward during the Auction, to consider credit bidding by current equity holders of SRP interests or other alternative bidding structures, or to convey less than the whole BPS Interest.

(4) Subject to the approval of the Court, the Trustee may adjourn the Auction and/or adopt supplemental Auction rules or procedures in order to facilitate a more effective Auction.

(5) The Trustee shall select the successful bid and a back-up bid during the Auction and conclude the Auction by announcing the successful bid and a back-up bid to the Court.

(6) At the Auction's conclusion, the Court will conduct a confirmation hearing to consider whether to approve the sale.

**CONSUMMATION OF SALE**: If the Court approves a sale of the BPS Interest based on the successful bid, then the maker of the successful bid shall close on the purchase of the BPS Interest within ten (10) days of the order confirming the sale becoming a final, non-appealable order. If the maker of the successful bid fails to consummate the purchase of the BPS Interest, then the maker of the back-up bid shall close on the purchase of the BPS Interest within twenty (20) days of the order confirming the sale becoming a final, non-appealable order.

**RESERVATION OF RIGHTS**: The Trustee expressly reserves the right to determine whether any bid is a Qualified Bid and whether any Qualified Bid is the successful bid or back-up bid. The Trustee expressly reserves the right to seek all available damages from the maker of the successful bid or the back-up bid if such bidder wrongfully fails to consummate the purchase of the BPS Interest pursuant to these Bidding and Auction Procedures.

Dated: May __, 2018

By: Michael L. Martinez
Anna S. Gorman
Grier Furr & Crisp, PA
101 N. Tryon St., Ste. 1240
Charlotte, NC 28246
Phone: 704/332.0209

5