**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
Charlotte Division**

| | |
|---|---|
| **In re:** | **CASE NO. 17-30132** |
| **TSI Holdings, LLC[1] et al.,** | **CHAPTER 7**<br>Jointly Administered |
| **DEBTORS.** | |

**MOTION FOR ORDER ESTIMATING CLAIMS OF STONE STREET PARTNERS, LLC,
PAUL PORTER, AND DAWN KING FOR PURPOSES OF INTERIM DISTRIBUTION**

Joseph W. Grier, III, the duly-appointed trustee (the "Trustee") in the above-captioned, jointly-administered bankruptcy cases (collectively, this "Case"), through counsel, hereby presents this *Motion for Order Estimating Claims of Stone Street Partners, LLC, Paul Porter, and Dawn King for Purposes of Interim Distribution* (this "Motion") and, in support hereof, respectfully represents as follows:

**PROCEDURAL BACKGROUND AND JURISDICTION**

1. On January 27, 2017, an involuntary bankruptcy petition pursuant to chapter 7 of the United States Bankruptcy Code, 11 U.S.C. §§ 101 *et seq.* (the "Code"), was filed against TSI Holdings, LLC ("TSI"), initiating the above-captioned lead case (the "TSI Case"). On February 2, 2017, the Court held an emergency hearing on the petitioning creditors' emergency motion to appoint an interim trustee for TSI. On February 8, 2017, the Court entered an Order appointing the Trustee in the TSI Case. An *Order For Relief* was subsequently entered in the TSI Case on February 22, 2017.

2. Similar involuntary petitions, emergency motions, orders for relief, and orders appointing the Trustee were filed and entered against WSC Holdings, LLC ("WSC"), SouthPark

---

[1] These jointly administered cases are those of the following debtors: TSI Holdings, LLC, Case No. 17-30132, WSC Holdings, LLC Case No. 17-30338, SouthPark Partners, LLC Case No. 17-30339 and Sharon Road Properties, LLC Case No. 17-30363.

Partners, LLC ("SPP," and collectively with TSI and WSC, the "Ponzi Debtors"), and Sharon Road Properties, LLC ("SRP") in the following cases pending before this Court, respectively: 17-30338 (the "WSC Case"); 17-30339 (the "SPP Case"); and 17-30363 (the "SRP Case").

3. On May 23, 2017, the Court entered an *Order Directing Joint Administration of Related Chapter 7 Cases* (D.E. 63), authorizing the joint administration of the TSI Case, the WSC Case, the SPP Case, and the SRP Case.

4. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(B). Venue properly lies in this judicial district pursuant to 28 U.S.C. § 1409(a). The statutory predicates for the relief requested in this Motion are §§ 105 and 502 of the Code.

## FACTUAL BACKGROUND

5. Based on the Ponzi Debtors' records, and other evidence, the Trustee and his professionals are of the opinion that TSI, WSC, and SPP were each operated as part of a massive and long-lasting Ponzi scheme (the "Ponzi Scheme") orchestrated by the late Richard C. Siskey ("Rick Siskey").

6. Rick Siskey deposited Ponzi Scheme investments into—and moved money back and forth between—bank accounts in the name of: the Ponzi Debtors; Rick Siskey and Diane Siskey; and other entities controlled by Rick Siskey. Funds invested in the Ponzi Debtors were typically used by Rick Siskey to pay for his lavish lifestyle, to make distributions to other investors in the Ponzi Scheme, and to pay premiums on life insurance policies owned by Rick Siskey insuring his life and the lives of others.

7. Rick Siskey was instrumental in securing investors for, and otherwise promoting and supporting, various investment ventures managed or otherwise affiliated with Stone Street

Partners, LLC f/k/a Siskey Capital, LLC ("Stone Street"). While the Trustee's investigation of Stone Street's role in the Ponzi Scheme is ongoing, it appears that the investments in Stone Street's portfolio existed separate and apart from the Ponzi Scheme.

8. Upon Rick Siskey's death, Diane Siskey, Rick Siskey's daughter, and two of Rick Siskey's former employees received an aggregate of approximately $49,525,000.00 in life insurance proceeds from four separate life insurance policies (the "Life Ins. Proceeds"). The primary asset of the Ponzi Debtors' bankruptcy estates is a litigation claim for the imposition of a constructive trust on some or all of the Life Ins. Proceeds, based on the theory that, if investor money deposited with the Ponzi Debtors was misappropriated to pay the life insurance premiums, the beneficiaries of the Life Ins. Proceeds hold bare legal title to the Life Ins. Proceeds and have a duty to return the Life Ins. Proceeds to the injured investors.

9. On November 1, 2018, the Trustee filed the *Trustee's First Omnibus Report of Claims, Objections to Claims, and Recommendations Regarding Claims as to TSI Holdings, LLC, WSC Holdings, LLC, SouthPark Partners, LLC, and Sharon Road Properties, LLC* (D.E. 112) (the "Claims Report").[2] In general, the Claims Report recommends that the Court allow claims against the Ponzi Debtors based on the "Net Investment Method," (*i.e.*, crediting the amount of cash deposited by an investor less any cash paid to the investor, regardless of whether the payments were categorized as a return of principal, profits, interest, or anything else at the time they occurred) (the "Net Investment Method").

---

[2] Duplicates of the Claims Report's substantive text were filed in the WSC Case, the SPP Case, and the SRP Case. The only difference in the various versions of the Claims Report is the "Exhibit A" attached thereto, which proposes treatment of claims submitted specifically against the debtor-entity in the corresponding bankruptcy case. For purposes of this Motion, the various versions will be referred to collectively as the "Claims Report."

3

10. Given the number of claimants affected and number of nuanced legal issues implicated, the Claims Report resulted in five (5) hearings[3] and nine (9) orders (collectively, the "Claims Order").[4] In general, the Claims Order adopts the Net Investment Method for treating claims against the Ponzi Debtors. However, the Claims Order disallows any claim against the Ponzi Debtors' bankruptcy estates for Ponzi Scheme investments that were not made directly in the Ponzi Debtors. The Claims Order allows $36,556,094.90 in aggregate claims.

11. Furthermore, Stone Street and two of its officers, Paul Porter and Dawn King, (collectively, the "Stone Street Claimants") submitted claims in this Case totaling $26,383,847.00 (collectively, the "Stone Street Claims"). The Claims Report recommends that the Court disallow the Stone Street Claims.

12. On November 30, 2017, the Stone Street Claimants filed a response to the Claims Report, requesting that the Court "deny the Trustee's recommendations and objections to their claims, and that their claims be allowed in the amount stated in their respective Proofs of Claim." *See* D.E. 126, at 3. Resolution of the Stone Street Claims has been indefinitely continued off-docket with the agreement of the Trustee and the Stone Street Claimants.

13. The Stone Street Claims have not been allowed in this Case and otherwise remain contingent and unliquidated in amount.

14. On February 3, 2018, the Trustee filed the *Trustee's Motion for Authority to Enter Into Agreement with Diane Siskey to Release a Portion of Life Insurance Proceeds (and Enable Interim Distribution)* (D.E. 162) (the "First Interim Distribution Motion"), seeking Court authority to make an interim distribution to allowed claimants of TSI, WSC, and SPP.

---

[3] The Claims Report hearings were held on December 11, 2017, January 8, 2018, January 24, 2018, February 5, 2018, and March 12, 2018.

[4] *See* D.E. 134, D.E. 69 (in the WSC case), D.E. 67 (in the SPP case), D.E. 61 (in the SRP case), D.E. 138, D.E. 152, D.E. 176, D.E. 177, and D.E. 194.

4

15. On March 5, 2018, Stone Street filed an objection to the First Interim Distribution Motion, arguing, *inter alia*, that the proposed interim distribution violated the Code's *pro rata* distribution scheme because the Trustee did not propose to pay or reserve any portion of the distribution on account of the Stone Street Claims. *See* D.E. 185, at 7.

16. Accordingly, the Court denied the First Interim Distribution Motion.

17. After the Court denied the First Interim Distribution Motion based on Stone Street's request, counsel for Stone Street wrote a letter to the Trustee and counsel for Diane Siskey, demanding that $10,000,000 of the Life Ins. Proceeds be released to allowed claimants of TSI, WSC, and SPP on or before May 14, 2018 (the "Stone Street Demand for Interim Distribution"). A copy of the Stone Street Demand for Interim Distribution is attached hereto as Exhibit A.

18. The Stone Street Demand for Interim Distribution further represents that "Stone Street will agree not to take an interim distribution and will not ask the Court to reserve any portion of the $10,000,000.00 to account for Stone Street's claims against the debtors." *See* Ex. A, at 2.

19. On June 1, 2018, the Trustee filed the *Trustee's Motion for Approval of Interim Distribution to Creditors of the Ponzi Entities* (the "Renewed Interim Distribution Motion"), which, again, seeks Court authority to make an interim distribution to allowed claimants of TSI, WSC, and SPP without paying, or reserving any amount for, the Stone Street Claimants.

20. The Stone Street Claimants have not yet indicated to the Trustee—beyond the Stone Street Demand for Interim Distribution—whether they would consent to the Renewed Interim Distribution Motion.

5

## RELIEF REQUESTED

21.     Through this Motion, the Trustee seeks entry of an Order estimating the allowed amount of the Stone Street Claims for the purpose of establishing a distribution reserve in connection with the distribution contemplated in the Renewed Interim Distribution Motion.

## BASIS FOR RELIEF REQUESTED

22.     Pursuant to § 105 of the Code, the Court "may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of [the Code]." 11 U.S.C. § 105(a).

23.     Pursuant to § 502 of the Code, the Court shall estimate the allowed amount of "any contingent or unliquidated claim, the fixing or liquidation of which, as the case may be, would unduly delay the administration of the case." 11 U.S.C. § 502(c)(1).

## ARGUMENT

24.     Claim estimation pursuant to § 502(c):

is a summary procedure whereby the Court *estimates* the value of a claim. A bankruptcy court need only reasonably estimate the probable value of a claim. Such an estimate necessarily implies no certainty and is not a finding or fixing of an exact amount; it is merely the court's best estimate for the purpose of permitting the case to go forward. . . .

[The] Court has wide discretion and latitude in estimating claims. . . . Importantly, the principal consideration in estimating unliquidated claims must be an accommodation to the underlying purposes of the Bankruptcy Code. . . .

*In re North American Health Care, Inc.*, 544 B.R. 684, 688 (Bankr. C.D. Cal. 2016) (emphasis in original, internal citations omitted).

25.     Nearly a year and a half after Rick Siskey's suicide, the victims of the Ponzi Scheme have received no recovery from the Life Ins. Proceeds or otherwise. The Renewed Interim Distribution Motion seeks to put $14,500,000.00 in the hands of the Ponzi Scheme victims who also hold allowed claims in this Case.

26. Absent estimation or a final determination regarding the Stone Street Claims, the Trustee would need to reserve approximately $6,000,000 of the $14,500,000 proposed interim distribution in case the Stone Street Claimants are ultimately able to demonstrate allowable claims totaling $26,383,847.00.

27. As reaching a final determination regarding the Stone Street Claims would unduly prolong the distribution contemplated in the Renewed Interim Distribution Motion, claims estimation is an appropriate mechanism for establishing how much of the $14,500,000 that the Trustee should reserve on account of the Stone Street Claims, if anything.

28. Estimating the Stone Street Claims for purposes of the distribution contemplated in the Renewed Interim Distribution Motion is particularly warranted here because, less than one month ago, the Stone Street Claimants—through the Stone Street Demand for Interim Distribution—insisted that the Trustee make an interim distribution and agreed not to demand a reserve for, or distribution on, the Stone Street Claims in connection with such a distribution.

**WHEREFORE**, the Trustee respectfully prays that the Court will enter an Order estimating the allowed amount of Stone Street Claims for the purpose of establishing a distribution reserve in connection with the distribution contemplated in the Renewed Interim Distribution Motion and granting such other and further relief as may be just and proper.

This is the 4th day of June, 2018.

    */s/ Michael L. Martinez*
Anna S. Gorman (N.C. Bar No 20987)
Michael L. Martinez (N.C. Bar No. 39885)
Grier Furr & Crisp, PA
101 North Tryon Street, Suite 1240
Charlotte, NC 28246
Phone:  704/375.3720; Fax:  704/332.0215
Email:  mmartinez@grierlaw.com

*Attorneys for Joseph W. Grier, III, Trustee*

7





121 West Trade Street
Suite 1950
Charlotte, NC 28202
main 704.944.6560
fax  704.944.0380
www.mwhattorneys.com

Andrew T. Houston
ahouston@mwhattorneys.com
(704) 944-6563

May 7, 2018

**VIA 1ST CLASS U.S. MAIL & EMAIL**

Joseph W. Grier, III
Grier Furr & Crisp, P.A.
101 North Tryon St., Ste. 1240
Charlotte, NC 28246

Matthew P. McGuire
Alston & Bird, LLP
555 Fayetteville St., Ste. 600
Raleigh, NC 27601

F. Lane Williamson
Tin Fulton Walker & Owen
301 East Park Avenue
Charlotte, NC 28203

    *Re:*   *In re: TSI Holdings, LLC*
           *Case No. 17-30132*

Dear Counsel:

    This firm represents Stone Street Partners, LLC ("Stone Street") in the above-referenced bankruptcy cases.

    As you know, many of the Stone Street investors have been injured multiple times by the fraudulent schemes perpetrated by Rick Siskey. Stone Street is also mindful of the substantial harm that the Ponzi scheme investors have suffered at the hands of Rick Siskey.

    As a result, Stone Street hereby demands that Diane Siskey immediately release $10,000,000.00 of the life insurance proceeds that she has been holding for approximately seventeen (17) months, so that an interim distribution can be made to the investors in the three Ponzi scheme cases. This will allow the Trustee to return approximately 30% to the investors in the bankruptcy cases without further delay.

MWH: 10173.001; 00018907.2



**EXHIBIT A**

     To that end, Stone Street will agree to support an interim distribution motion in the bankruptcy case provided that the full $10,000,000.00 is paid to the investors and Diane Siskey places no conditions on the release of the funds. Stone Street will agree not to take an interim distribution and will not ask the Court to reserve any portion of the $10,000,000.00 to account for Stone Street's claims against the debtors. I have also confirmed with Paul Porter and Dawn King that they will support an interim distribution on the terms set forth herein.

     Stone Street requests that the Trustee file a motion for authority to make the interim distribution contemplated herein **on or before May 14, 2018**.

     Please let me know if you have any questions.

Sincerely,

Andrew T. Houston

ATH/slm

MWH: 10173.001; 00018907.2

# EXHIBIT A

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
Charlotte Division**

| | |
|---|---|
| **In re:** | **CASE NO. 17-30132** |
| **TSI Holdings, LLC[1] et al.,** | **CHAPTER 7**<br>Jointly Administered |
| **DEBTORS.** | |

**NOTICE OF HEARING**

TAKE NOTICE that on **Monday, June 25, 2018, at 2:00 P.M. in Bankruptcy Courtroom 1-4 in the United States Courthouse, 401 West Trade Street, Charlotte, North Carolina**, this Court will conduct a hearing on the Trustee's *Motion for Order Estimating Claims of Stone Street Partners, LLC, Paul Porter, and Dawn King for Purposes of Interim Distribution* (the "Motion"). The Motion seeks entry of an Order estimating the allowed amount of the Stone Street Claims for the purpose of establishing a distribution reserve in connection with the Trustee's proposed $14,500,000.00 interim distribution.

> Your rights may be affected. You should read this Notice carefully and discuss it with your attorney, if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one.

IF YOU DO NOT WANT THE COURT TO GRANT THE RELIEF REQUESTED IN THE MOTION OF IF YOU WANT THE COURT TO CONSIDER YOUR VIEWS ON THE MOTION, THEN YOU OR YOUR ATTORNEY SHOULD ATTEND THIS HEARING AT 2:00 P.M. ON MONDAY, JUNE 25, 2018, IN BANKRUPTCY COURTROOM 1-4 IN THE UNITED STATES COURTHOUSE, 401 WEST TRADE STREET, CHARLOTTE, N.C.

If you or your attorney do not take these steps, the Court may decide that you do not oppose the relief requested in the motion and may enter an order approving the motion.

This, the 4th day of June, 2018.

*/s/ Michael L. Martinez*
Michael L. Martinez (N.C. State Bar No. 39885)
Grier Furr & Crisp PA
101 North Tryon Street, Suite 1240
Charlotte, North Carolina 28246
Telephone: 704/375.3720; Fax: 704/332.0215
mmartinez@grierlaw.com

*Attorneys for Joseph W. Grier, III, Trustee*

---

[1] These jointly administered cases are those of the following debtors: TSI Holdings, LLC, Case No. 17-30132, WSC Holdings, LLC Case No. 17-30338, SouthPark Partners, LLC Case No. 17-30339 and Sharon Road Properties, LLC Case No. 17-30363.

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
Charlotte Division**

| | |
|---|---|
| **In re:** | **CASE NO. 17-30132** |
| **TSI Holdings, LLC[2] et al.,** | **CHAPTER 7** <br> Jointly Administered |
| **DEBTORS.** | |

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that copies of the foregoing *Motion for Order Estimating Claims of Stone Street Partners, LLC, Paul Porter, and Dawn King for Purposes of Interim Distribution* and corresponding notice of hearing were served pursuant to the *Order Limiting Service of Process* (D.E. 66):

(i) on all parties requesting notice through the Court's electronic noticing system (including the Bankruptcy Administrator's office) by electronic service;

(ii) on each party-in-interest for whom the Trustee has a valid email address by email; and

(iii) by posting on the website being maintained by the Trustee regarding the above-captioned, jointly-administered cases, https://tsiholdings.wordpress.com.

This, the 4th day of June, 2018.

></br>
*/s/ Michael L. Martinez*
Michael L. Martinez (N.C. State Bar No. 39885)
Grier Furr & Crisp PA
101 North Tryon Street, Suite 1240
Charlotte, North Carolina 28246
Telephone: 704/375.3720; Fax: 704/332.0215
mmartinez@grierlaw.com

*Attorneys for Joseph W. Grier, III, Trustee*

---

[2] These jointly administered cases are those of the following debtors: TSI Holdings, LLC, Case No. 17-30132, WSC Holdings, LLC Case No. 17-30338, SouthPark Partners, LLC Case No. 17-30339 and Sharon Road Properties, LLC Case No. 17-30363.