## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION

| | | |
|---|---|---|
| In re: | ) | |
| | ) | Case No. 17-30132 |
| | ) | |
| TSI HOLDINGS, LLC[1], *et al*. | ) | |
| | ) | Chapter 7 |
| | ) | (Jointly Administered) |
| Debtors. | ) | |

### RESPONSE OF STONE STREET PARTNERS, LLC, DAWN E. KING AND PAUL G. PORTER TO TRUSTEE'S MOTION TO COMPEL DISCOVERY

Claimants Stone Street Partners, LLC ("SSP"), Dawn E. King ("King") and Paul G. Porter ("Porter") (collectively, the "Stone Street Claimants"), through counsel, hereby respond to and oppose the Trustee's Motion to Compel Discovery (the "Trustee's Motion"). [Doc. 262].

### INTRODUCTION

The Trustee's Motion is premature and unfounded, and it should be denied. The Trustee has made no good faith effort to "meet and confer" with counsel for the Stone Street Claimants regarding this discovery matter, a requirement that must be satisfied before a party may file a motion to compel discovery and seek action from this Court. And, in any event, on June 22, 2018, the Stone Street Claimants produced to the Trustee nearly 80,000 pages of documents in response to his discovery requests and in full compliance with their discovery obligations. Accordingly, the Trustee's Motion should be denied.

---

[1] The following debtors' cases are being jointly administered by the Court: *In re: TSI Holdings, LLC*, Case No. 17-30132; *In re: WSC Holdings, LLC*, Case No. 17-30338; *In re: SouthPark Partners, LLC*, Case No. 17-30339; *In re: Sharon Road Properties, LLC*, Case No. 17-30363

## OPERATIVE FACTS

On March 15, 2018, the Trustee served requests for production of documents upon each of the Stone Street Claimants (collectively, the "Trustee's Requests").  Copies of the Trustee's Requests are attached as Exhibits A and B to the Trustee's Motion.

The Trustee's Requests were served in the context of a purported claim objection[2] initiated by the Trustee pursuant to the *Trustee's First Omnibus Report of Claims, Objections to Claims, and Recommendations Regarding Claims as to TSI Holdings, LLC, WSC Holdings, LLC, Southpark Partners, LLC and Sharon Road Properties, LLC* (the "Claims Report"). [Doc. 112].[3] The Trustee's Requests were, among other things, exceptionally broad and sought documents from a number of non-claimant entities defined as "Covered Entities" (Trustee's Motion, Ex. A., p. 4), and appear to be in the nature of an audit of the financial affairs of these non-claimant entities (Trustee's Motion, Ex. A., pp. 10-13, Requests 9-21).

Responses to the Trustee's Requests were originally due on April 16, 2018.  The undersigned counsel requested and received only a two-week extension of time to respond until April 30, 2018, and on that date the Stone Street Claimants served their written responses to the Trustee's Requests (collectively, the "Responses").  Copies of the Responses are attached as Exhibits C, D, and E to the Trustee's Motion.

Each of the Responses stated that the Stone Street Claimants would not produce their documents until "after the parties have executed a suitable Protective Order to be entered by the Court".  See Exhibits B, C, and D to Trustee's Motion, under General Objections, at paragraph I.

---

[2] Discovery in claim objections is governed by the more narrowly tailored provisions of Bankruptcy Rule 7026, not Bankruptcy Rule 2004.

[3] The Claims Report does not articulate a basis for the Trustee's objection to the claims of the Stone Street Claimants, and it appears to be an improper omnibus objection that violates Bankruptcy Rule 3007 (c)-(e).  Nevertheless, the undersigned has asked the Trustee to articulate the basis for his objection so as to provide notice of the Trustee's position to the Stone Street Claimants.  The Trustee has refused to do so.

NPCHLT1:1318967.2

The Trustee never objected to the Stone Street Claimants' position that they would not produce their documents until after a Protective Order was entered by the Court, nor has the Trustee ever made any effort whatsoever to identify any points of contention with the Responses or any of the objections raised in the Responses.

The Court entered the Protective Order on May 17, 2018. On May 21, 2018, Anna Gorman, the Trustee's counsel, emailed the Protective Order to counsel for the Stone Street Claimants and requested production of their documents. A copy of Ms. Gorman's May 21, 2018 email is attached as Exhibit A hereto. On May 23, 2018, the undersigned counsel for the Stone Street Claimants emailed Ms. Gorman and advised her that they were assembling the documents responsive to the Trustee's request and expected to produce them to the Trustee by May 25, 2018. Ms. Gorman responded by email stating that she would be on vacation until June 4, 2018 and that Joe Grier and Michael Martinez would be on the lookout for the document production. A copy of the undersigned's May 23 2018 email to Ms. Gorman and her May 23, 2018 response is attached as Exhibit B hereto.

Assembly of the Stone Street Claimants' documents proved more challenging than expected. Dawn King, the person at SSP primarily responsible for gathering the documents, became ill on May 23, 2018 and was out sick for the remainder of that week. In addition, the undersigned was on vacation from May 31 through June 3, 2018. And the total volume of documents to be reviewed and produced exceeded 25,000 documents, which was much larger than anticipated.

On Thursday May 31, 2018, Andrew Houston, bankruptcy counsel for SSP, sent an email to the Trustee's counsel Michael Martinez addressing outstanding discovery issues, and notified the Trustee that the undersigned was out of the office until June 4, 2018. A copy of Mr. Houston's

3

May 31, 2018 email is attached as <u>Exhibit C</u> hereto.  Mr. Houston's email also detailed a proposed "meet and confer" process for resolving any discovery-related issues between the parties and specifically stated that "the Trustee can articulate objections (if any) that he has to our discovery responses and identify any documents that he believes should be produced in response to the discovery served on SSP." *See*, Exhibit C hereto.

On Monday June 4, 2018, Anna Gorman sent the undersigned an email asking for a status report on the Stone Street Claimants' document production. On June 5, 2018, the undersigned responded that the review process was more onerous than expected and that counsel expected to complete the production by the end of the week (June 8, 2018). A copy of Ms. Gorman's June 4, 2018 email and the undersigned's June 5, 2018 response is attached as <u>Exhibit D</u> hereto.

On June 5, 2018, the Trustee filed the Trustee's Motion. The Trustee's motion recites at paragraph 20 thereof the boilerplate Federal Rule 37(a)(1) language that "[t]he Trustee has in good faith conferred or attempted to confer with the Stone Street Claimants in an effort to secure the information requested in the Discovery Requests." The above-described email communications show that the Trustee did not make any good faith attempt to resolve this discovery matter before resorting to filing this Motion.

On June 22, 2018, the Stone Street Claimants produced their documents to the Trustee.

## ARGUMENT

**A.    The Trustee's Motion Should Be Denied Because The Trustee Failed To Make A Good Faith Effort to Resolve This Discovery Matter Before Filing the Motion**

The Court should deny the Motion because the Trustee has failed to make a good faith effort to resolve his discovery concerns before filing the Motion, as required by Federal Rule 37. Federal Rule 37, made applicable to this proceeding by Rule 7037 of the Federal Rules of Bankruptcy Procedure, requires that a motion to compel discovery "must include a certification

NPCHLT1:1318967.2

that the movant has in good faith conferred or attempted to confer…in an effort to obtain [the discovery] without court action." Fed. R. Civ. P. 37(a). This certification requirement furthers courts' "interest in securing a just, speedy, and inexpensive determination of every action." *Shuffle Master v. Progressive Games*, 170 F.R.D. 166, 171 (D. Nev. 1996).

Under Federal Rule 37, "two components are necessary to constitute a facially valid motion to compel." *Id.* at 170; *see also Sanchez v. Was. Mut. Bank (In re Sanchez)*, 2008 Bankr. LEXIS 4239, at *2-3 (Bankr. E.D. Cal. Sept. 8, 2008) (same); *Leimbach v. Lane (In re Lane)*, 302 B.R. 75, 78 (Bankr. D. Idaho 2003) (same). "First is the actual *certification* document. The certification must accurately and specifically convey to the court who, where, how, and when the respective parties attempted to personally resolve the discovery dispute." *Shuffle Master*, 170 F.R.D. at 170 (emphasis in original). "[A] cursory recitation that counsel have been 'unable to resolve the matter'" is insufficient; a party cannot secure court intervention "merely through the perfunctory parroting of statutory language." *Id.* Instead, the movant "must adequately set forth in the motion essential facts sufficient to enable the court to pass a preliminary judgment on the adequacy and sincerity of the good faith conferment between the parties." *Id.*; *see also Sanchez*, 2008 Bankr. LEXIS 4239, at *3 (same).

The second component of Federal Rule 37's requirement is *performance*: "This means a moving party must in good faith confer or attempt to confer" regarding the discovery dispute. *Shuffle Master*, 170 F.R.D. at 171; *see also Solais v. Vesuvio's II Pizza & Grill, Inc.*, 2015 U.S. Dist. LEXIS 140798, at *25-27 (M.D.N.C. Oct. 16, 2015) (same); *Patrick v. Teays Valley Trs., LLC*, 297 F.R.D. 248, 266-67 (N.D. W.Va. 2013) (same); *Ambu, Inc. v. Kohlbrat & Bunz Corp.*, 2000 U.S. Dist. LEXIS 241, at *6-7 (W.D.N.C. Jan. 6, 2000) (same).

NPCHLT1:1318967.2

The requirement of good faith "contemplates, among other things, honesty in one's purpose to meaningfully discuss the discovery dispute, freedom from intention to defraud or abuse the discovery process, and faithfulness to one's obligation to secure information without court action." *Shuffle Master*, 170 F.R.D. at 171; *see Patrick*, 297 F.R.D. at 267 ("Defendant went through the motions of conferring with Plaintiffs, but it made no *good faith* attempt to actually resolve the dispute before filing the instant motion to compel." (emphasis in original)).

The U.S. District Court for the Western District of North Carolina has held that failure to make a good faith effort to resolve a discovery dispute before moving to compel "is sufficient reason to deny the motion." *Ambu, Inc.*, 2000 U.S. Dist. LEXIS 241, at *6. Numerous other courts have also denied motions to compel on this ground alone. *See, e.g.*, *Solais*, 2015 U.S. Dist. LEXIS 140798, at *27 ("[B]ecause Defendants failed to confer as mandated by Rule 37(a), the Court will deny Defendants' request to compel the production of documents."); *Patrick*, 297 F.R.D. at 267 (denying defendants' motion to compel because their actions "amount to mere lip service to the meet and confer requirements"); *Sanchez*, 2008 Bankr. LEXIS 2439, at *10 ("The court intends to put teeth into the meet and confer requirement, and will not countenance game-playing or hiding the ball."); *Pogue v. Diabetes Treatment Ctrs. of Am., Inc.*, 235 F.R.D. 521, 529 (D.D.C. 2006) ("This Court finds that defendants[']…motion to compel must be denied because they failed to confer with opposing counsel in an attempt to resolve the dispute…."); *In re Lane*, 302 B.R. at 79 ("[W]hether such a meeting would have borne fruit, in the sense of fully or partially resolving the discovery impasse, is not the question. Such an attempt to actually meet, and the certification of the efforts made in good faith, were and are prerequisites to bringing the motion and having it considered."); *Shuffle Master*, 170 F.R.D. at 172 ("[D]efendant's lack of good faith is evident…by the inadequate means through which its counsel attempted to confer.").

Here, the Trustee has failed to satisfy both prerequisites to obtaining this Court's assistance. First, the Motion's purported certification contains no "facts sufficient to enable the court to pass a preliminary judgment on the adequacy and sincerity of the good faith conferment." *Shuffle Master*, 170 F.R.D. at 170. The motion's certification merely parrots the language of Rule 37 and states only that counsel "has in good faith conferred or attempted to confer…without success." *See* Motion ¶ 20.

Secondly, the Trustee made no effort to meet with counsel to resolve this matter. Instead, the Trustee's counsel merely sent two emails to the undersigned requesting a status report regarding the document production and the undersigned promptly responded by requesting more time to complete the production. This meager effort by the Trustee wholly fails to satisfy the "meet and confer" requirement of Federal Rule 37.

Moreover, the Trustee's feigned attempts at a meet and confer ring hollow in light of the fact that counsel for SSP Andrew Houston specifically proposed "meet and confer" procedures by email to the Trustee's counsel on May 31, 2018. *See* Exhibit C hereto. Indeed, counsel for SSP specifically solicited the Trustee to identify any objections to the Stone Street Claimants' Responses by stating that "the Trustee can articulate objections (if any) that he has to our discovery responses and identify any documents that he believes should be produced in response to the discovery served on SSP." *Id.* Notwithstanding the foregoing, the Trustee never attempted to meet and confer with the Stone Street Claimants prior to filing the Trustee's Motion only 24 hours after simply requesting an update on the document production. Put simply, the Trustee's actions do not satisfy the good faith meet and confer requirement of Rule 37.

Accordingly, the Trustee's Motion should be denied.

NPCHLT1:1318967.2

**B.** **The Trustee's Motion Should Be Denied as Moot Because the Stone Street**
**Claimants Have Produced Their Documents.**

The Stone Street Claimants produced their documents to the Trustee on June 22, 2018,

approximately one month after the Court entered the Protective Order. Claimants' document

production consisted of 25,167 documents totaling nearly 80,000 pages. Thus, the Stone Street

Claimants have completed their document production, without any need for action by this Court.

Accordingly, the Trustee's Motion should be denied as moot.

### CONCLUSION

Based on the arguments and authorities set forth herein, the Stone Street Claimants

respectfully urge the Court to deny the Trustee's motion to compel discovery in all respects.

This 22nd day of June, 2018.

Respectfully submitted,

/s/ James C. Smith
James C. Smith
NC State Bar No. 8510
Nexsen Pruet, PLLC
227 West Trade Street
Suite 1550
Charlotte, NC 28202
704.338.5352
704.805.4731 (Facsimile)
jsmith@nexsenpruet.com

Attorney for Claimants
Stone Street Partners, LLC, Dawn E. King
and Paul G. Porter

NPCHLT1:1318967.2

# EXHIBIT

# A

**Smith, James C.**

| | |
|---|---|
| **From:** | Anna Gorman <agorman@grierlaw.com> |
| **Sent:** | Monday, May 21, 2018 9:10 AM |
| **To:** | Andrew Houston; Smith, James C. |
| **Cc:** | Joe Grier; Michael Martinez |
| **Subject:** | Stone Street Partners/ Consent Protective Order with Chapter 7 Trustee |
| **Attachments:** | doc07746720180521091802.pdf |

Good morning Andy and Jim, attached please find the entered Protective Order.   Please forward the discovery production.  Regards, Anna.

ANNA S. GORMAN
GRIER FURR & CRISP, P.A.
101 North Tryon Street
Suite 1240
Charlotte, NC 28246
704-332-0208 (direct dial)
704-332-0215 (fax)
agorman@grierlaw.com
https://urldefense.proofpoint.com/v2/url?u=http-3A__www.grierlaw.com&d=DwIGaQ&c=rTID8zFL-
e0diXJhnyrnsnYU8VIcDlW52AybVWLBNqM&r=w36zZ0UD2ojsLtGjnwQZiDqyiYz-
rOKB5_IwaKc88tI&m=cXecRN2Vkd36DbEuiKe-
1N4X6BUwJuCwQ0v5dg8mMU4&s=6j0pgRByL5UyLGhd8V0rFxps6eHEp_O-tPqtFXu4rrA&e=
This e-mail may contain confidential and attorney-client privileged material for the sole use of the intended recipient.  Any review or distribution by others is strictly prohibited.



EXHIBIT

A

# EXHIBIT

# B

**Smith, James C.**

| | |
|---|---|
| **From:** | Anna Gorman <agorman@grierlaw.com> |
| **Sent:** | Wednesday, May 23, 2018 12:46 PM |
| **To:** | Smith, James C. |
| **Cc:** | Joe Grier; Michael Martinez; Andrew Houston (ahouston@mwhattorneys.com) |
| **Subject:** | RE: Stone Street Partners/ Document Production |

Thank you Jim. I will be on vacation after today until June 4th however Joe and Michael will be on the lookout for the production. Regards, Anna.

ANNA S. GORMAN
GRIER FURR & CRISP, P.A.
101 North Tryon Street
Suite 1240
Charlotte, NC 28246
704-332-0208 (direct dial)
704-332-0215 (fax)
agorman@grierlaw.com
https://urldefense.proofpoint.com/v2/url?u=http-3A__www.grierlaw.com&d=DwIGaQ&c=rTID8zFL-
e0diXJhnyrnsnYU8VIcDlW52AybVWLBNqM&r=w36zZ0UD2ojsLtGjnwQZiDqyiYz-
rOKB5_IwaKc88tI&m=B2tjCo0wdKICYgwEpP15Y21rXNFnRgINpE6FPkgMiBQ&s=CbQIFbcBwA5jP5doBOpn6hQR6y-
zajhjS4XsuKoz7oc&e=
This e-mail may contain confidential and attorney-client privileged material for the sole use of the intended
recipient. Any review or distribution by others is strictly prohibited.

-----Original Message-----
From: Smith, James C. [mailto:JSmith@nexsenpruet.com]
Sent: Wednesday, May 23, 2018 11:41 AM
To: Anna Gorman
Cc: Joe Grier; Michael Martinez; Andrew Houston (ahouston@mwhattorneys.com)
Subject: RE: Stone Street Partners/ Document Production

Anna:

Thanks for your note. I am in the process of assembling all of the documents responsive to the Trustee's request for
production, and expect to have it ready to produce by week's end. Please bear with us.

Thanks and regards,

Jim

James C. Smith
Special Counsel
Nexsen Pruet, PLLC



EXHIBIT
B

227 West Trade Street, Suite 1550
Charlotte, NC 28202

T: 704.338.5352  F: 7048054731
JSmith@nexsenpruet.com

http://www.nexsenpruet.com
-----Original Message-----
From: Anna Gorman <agorman@grierlaw.com>
Sent: Monday, May 21, 2018 9:10 AM
To: Andrew Houston <ahouston@mwhattorneys.com>; Smith, James C. <JSmith@nexsenpruet.com>
Cc: Joe Grier <jgrier@grierlaw.com>; Michael Martinez <mmartinez@grierlaw.com>
Subject: Stone Street Partners/ Consent Protective Order with Chapter 7 Trustee

Good morning Andy and Jim, attached please find the entered Protective Order.   Please forward the discovery
production.  Regards, Anna.

ANNA S. GORMAN
GRIER FURR & CRISP, P.A.
101 North Tryon Street
Suite 1240
Charlotte, NC 28246
704-332-0208 (direct dial)
704-332-0215 (fax)
agorman@grierlaw.com
https://urldefense.proofpoint.com/v2/url?u=http-3A__www.grierlaw.com&d=DwIGaQ&c=rTID8zFL-
e0diXJhnyrnsnYU8VIcDlW52AybVWLBNqM&r=w36zZ0UD2ojsLtGjnwQZiDqyiYz-
rOKB5_lwaKc88tI&m=cXecRN2Vkd36DbEuiKe-
1N4X6BUwJuCwQ0v5dg8mMU4&s=6j0pgRByL5UyLGhd8V0rFxps6eHEp_O-tPqtFXu4rrA&e=
This e-mail may contain confidential and attorney-client privileged material for the sole use of the intended recipient.
Any review or distribution by others is strictly prohibited.

*** CONFIDENTIAL COMMUNICATION *** The information contained in this message may contain legally privileged and
confidential information intended only for the use of the individual or entity named above. If the reader of this message
is not the intended recipient, you are hereby notified that any dissemination, distribution or duplication of this
transmission is strictly prohibited. If you have received this communication in error, please notify us by telephone or
email immediately and return the original message to us or destroy all printed and electronic copies. Nothing in this
transmission is intended to be an electronic signature nor to constitute an agreement of any kind under applicable law
unless otherwise expressly indicated. Intentional interception or dissemination of electronic mail not belonging to you
may violate federal or state law.

# EXHIBIT

# C

## Smith, James C.

| | |
|---|---|
| **From:** | Andrew Houston <ahouston@mwhattorneys.com> |
| **Sent:** | Tuesday, June 5, 2018 4:39 PM |
| **To:** | Smith, James C. |
| **Subject:** | FW: VM |
| **Attachments:** | Stone Street--Discovery to Grier (00018980-4xC1D7A).doc |

-----Original Message-----
From: Andrew Houston
Sent: Thursday, May 31, 2018 12:38 PM
To: 'Michael Martinez'
Cc: Smith, James C.
Subject: RE: VM

Hey Mike--I'm following up on this email thread below.  I tried to get in contact with Jim Smith yesterday so that the three of us could put our heads together on these issues, but I got a bounce back indicating he is out of the office until next week.  Here are my preliminary thoughts though:

1. I think we want the Trustee to prepare and serve written responses to the interrogatories and requests for production so that we can identify all objections specifically and try to resolve them.  Likewise, I'll be serving requests for admission on the Trustee either today or tomorrow.  To assist in preparing responses to Stone Street's discovery requests, I've attached above the discovery requests in word format.  I will send the requests for admission in word as well once they are finished.
2. Once the parties have responded, we should set a time to schedule a meet and confer so that we can work through any objections or, at a minimum, narrow the issues significantly.  By way of example, you referenced a potential work product objection to the interrogatories.  Based on my prior research, I don't believe that a valid work product objection is lodged to contention interrogatories asking a party to identify transactions or payments made by the Debtor.  I will update my research on that issue, though.  Similarly, the Trustee can articulate objections (if any) that he has to our discovery responses and identify any documents that he believes should be produced in response to the discovery served on SSP.
3. As part of that meet and confer process, we can identify specifically the issues we need to resolve (if any) with Diane Siskey and MetLife.  Given our lawsuit against those parties in state court, we were very careful to only request information related to the Debtors, SSP's claims in these cases, and documents produced to the Trustee.  For example, we only had one document request related to MetLife (Request 28--requesting the documents they provided to the Trustee) and we did not request documents related to SSP's state court lawsuit such as MetLife's internal policies, investigations, etc...Obviously, my hope is that MetLife and Diane Siskey will consent to us accessing the documents that have been provided to the Trustee.  You may be right that they will put up a fight, though.
4. With respect to the Relativity database, please send along any login/password information that you have for Jim and me to access the database.  While this doesn't relieve the Trustee from responding to our discovery requests, it seems to me that we can help narrow any issues and have an educated discussion with you after we know what we are looking at.

In any event, those are my thoughts.  Keep in mind that I only represent SSP, and that Jim may have some additional thoughts on behalf of SSP, Ms. King or Mr. Porter when he returns to the office.

Regards,



EXHIBIT
C

Andy

-----Original Message-----
From: Michael Martinez [mailto:mmartinez@grierlaw.com]
Sent: Friday, May 25, 2018 9:08 AM
To: Andrew Houston
Subject: RE: VM

Yes.  In advance of that call, here's basically what we're thinking for you to chew on...

We have a searchable Relativity database that has nearly all of the documents we have (including what I previously gave Jim, which apparently was only Siskey's assistant's computer) loaded and accessible.  We're thinking that we could just give you and/or Jim a login to that database and you could search for whatever you want.  You could probably have that within a week's time, if agreeable.

Here are some issues.

First, when I said "nearly all" above, the documents that aren't included are those that have been marked "CONFIDENTIAL" by Diane, MetLife, and others.  As a forecast, you might have some hurdle getting the producing parties to agree for us to turn those over to you.  Subject to Joe's final say, I don't think we have any objection to you having any documents that we have, other than work product material and a handful of privileged emails from the last year or so.  But, I'm guessing MetLife and Diane might put up a fight.

Second, I think we are going to have a "work product objection" to most of the interrogatories.  Notwithstanding, I think we can fairly easily point you to all the pertinent documents (mainly bank account statements) showing which entity paid who when.

Think about all that.  Looking forward to talking next week.

MICHAEL L. MARTINEZ
Grier Furr & Crisp, PA
101 North Tryon Street
Suite 1240
Charlotte, NC 28246
704 332-0209 (direct dial)
704 332-0215 (fax)
mmartinez@grierlaw.com
https://urldefense.proofpoint.com/v2/url?u=http-3A__www.grierlaw.com&d=DwIFAw&c=rTID8zFL-e0diXJhnyrnsnYU8VIcDlW52AybVWLBNqM&r=w36zZ0UD2ojsLtGjnwQZiDqyiYz-rOKB5_lwaKc88tI&m=2Yeb098uTM7t2efL8_ek5MKrDoi49PChUBzK6jynPQk&s=L46AVYbWqnBUjCVPwKduAJbhx9k885xmU86ev-0FyqI&e=

This e-mail may contain confidential and attorney-client privileged material for the sole use of the intended recipient.  Any review or distribution by others is strictly prohibited.  If you are not the intended recipient, please contact the sender and delete this e-mail.

-----Original Message-----
From: Andrew Houston [mailto:ahouston@mwhattorneys.com]

2

Sent: Friday, May 25, 2018 8:16 AM
To: Michael Martinez
Subject: VM

Hey Mike-got your VM from yesterday. I'm out of the office today. Will give you a ring early next week to coordinate on the discovery issues.

Andy

Sent from my iPhone

# EXHIBIT

# D

**Smith, James C.**

| | |
|---|---|
| **From:** | Smith, James C. |
| **Sent:** | Tuesday, June 5, 2018 4:09 PM |
| **To:** | 'Anna Gorman' |
| **Cc:** | Joe Grier; Michael Martinez; Andrew Houston (ahouston@mwhattorneys.com) |
| **Subject:** | RE: Stone Street Partners/ Document Production |

Anna:

Please pardon our delay in getting the Stone Street, King and Porter documents produced to you.

I had hoped to have them ready for production last week, but the review process has proved a bit more onerous than I expected.

That said, I expect to have them to you by the end of this week.  Please bear with us.

Thanks and regards,

Jim

James C. Smith
Special Counsel
Nexsen Pruet, PLLC
227 West Trade Street, Suite 1550
Charlotte, NC 28202

T: 704.338.5352  F: 7048054731
JSmith@nexsenpruet.com

www.nexsenpruet.com
-----Original Message-----
From: Anna Gorman <agorman@grierlaw.com>
Sent: Monday, June 4, 2018 10:36 AM
To: Smith, James C. <JSmith@nexsenpruet.com>
Cc: Joe Grier <jgrier@grierlaw.com>; Michael Martinez <mmartinez@grierlaw.com>; Andrew Houston
(ahouston@mwhattorneys.com) <ahouston@mwhattorneys.com>
Subject: RE: Stone Street Partners/ Document Production

Jim - this follows a voicemail message I just left for you.  I am following up on the below May 23rd email where you
indicated production of documents by Stone Street would be by that week's end.   I am just in from vacation and do not
see it here.  Would you let me know the status ?   Regards, Anna.

ANNA S. GORMAN
GRIER FURR & CRISP, P.A.
101 North Tryon Street
Suite 1240



Charlotte, NC 28246
704-332-0208 (direct dial)
704-332-0215 (fax)
agorman@grierlaw.com
https://urldefense.proofpoint.com/v2/url?u=http-3A__www.grierlaw.com&d=DwIGaQ&c=rTID8zFL-
e0diXJhnyrnsnYU8VIcDlW52AybVWLBNqM&r=w36zZ0UD2ojsLtGjnwQZiDqyiYz-
rOKB5_lwaKc88tI&m=szqkguHSvDpqdo1EjOM9WA6-
iaJw1qwOYiSBEu7XlMU&s=94B7e1pEHg7JGb0Cep8Ie69_LYEBTABbZlYUPmf46Fg&e=
This e-mail may contain confidential and attorney-client privileged material for the sole use of the intended
recipient.  Any review or distribution by others is strictly prohibited.

-----Original Message-----
From: Smith, James C. [mailto:JSmith@nexsenpruet.com]
Sent: Wednesday, May 23, 2018 11:41 AM
To: Anna Gorman
Cc: Joe Grier; Michael Martinez; Andrew Houston (ahouston@mwhattorneys.com)
Subject: RE: Stone Street Partners/ Document Production

Anna:

Thanks for your note.  I am in the process of assembling all of the documents responsive to the Trustee's request for
production, and expect to have it ready to produce by week's end.  Please bear with us.

Thanks and regards,

Jim

James C. Smith
Special Counsel
Nexsen Pruet, PLLC
227 West Trade Street, Suite 1550
Charlotte, NC 28202

T: 704.338.5352  F: 7048054731
JSmith@nexsenpruet.com

http://www.nexsenpruet.com
-----Original Message-----
From: Anna Gorman <agorman@grierlaw.com>
Sent: Monday, May 21, 2018 9:10 AM
To: Andrew Houston <ahouston@mwhattorneys.com>; Smith, James C. <JSmith@nexsenpruet.com>
Cc: Joe Grier <jgrier@grierlaw.com>; Michael Martinez <mmartinez@grierlaw.com>
Subject: Stone Street Partners/ Consent Protective Order with Chapter 7 Trustee

Good morning Andy and Jim, attached please find the entered Protective Order.   Please forward the discovery
production.  Regards, Anna.

ANNA S. GORMAN
GRIER FURR & CRISP, P.A.
101 North Tryon Street
Suite 1240
Charlotte, NC 28246
704-332-0208 (direct dial)
704-332-0215 (fax)
agorman@grierlaw.com
https://urldefense.proofpoint.com/v2/url?u=http-3A__www.grierlaw.com&d=DwIGaQ&c=rTID8zFL-
e0diXJhnyrnsnYU8VIcDlW52AybVWLBNqM&r=w36zZ0UD2ojsLtGjnwQZiDqyiYz-
rOKB5_IwaKc88tI&m=cXecRN2Vkd36DbEuiKe-
1N4X6BUwJuCwQ0v5dg8mMU4&s=6j0pgRByL5UyLGhd8V0rFxps6eHEp_O-tPqtFXu4rrA&e=
This e-mail may contain confidential and attorney-client privileged material for the sole use of the intended recipient. Any review or distribution by others is strictly prohibited.

*** CONFIDENTIAL COMMUNICATION *** The information contained in this message may contain legally privileged and confidential information intended only for the use of the individual or entity named above. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or duplication of this transmission is strictly prohibited. If you have received this communication in error, please notify us by telephone or email immediately and return the original message to us or destroy all printed and electronic copies. Nothing in this transmission is intended to be an electronic signature nor to constitute an agreement of any kind under applicable law unless otherwise expressly indicated. Intentional interception or dissemination of electronic mail not belonging to you may violate federal or state law.

## CERTIFICATE OF SERVICE

I hereby certify that on June 22, 2018, a true and correct copy of the foregoing **RESPONSE OF STONE STREET PARTNERS, LLC, DAWN E. KING AND PAUL G. PORTER TO TRUSTEE'S MOTION TO COMPEL DISCOVERY** was furnished to all via electronic mail and was served by U.S. Mail to:

> Joseph W. Grier, III, Esq.
> Anna Gorman, Esq.
> Michael Martinez, Esq.
> Grier, Furr & Crisp, P.A.
> 101 North Tryon Street
> Suite 1240
> Charlotte, NC 28246

> /s/ James C. Smith
> James C. Smith