**ROBINSON BRADSHAW**

adoerr@robinsonbradshaw.com
704.377.8114 **:** Direct Phone
704.339.3414 **:** Direct Fax

June 22, 2018

The Honorable Craig Whitley
U.S. Bankruptcy Judge
111 Charles R. Jonas Bldg.
401 W. Trade Street
Charlotte, NC 28202

Re:    *In re: TSI Holdings, LLC et al.*, W.D.N.C. Bankruptcy Court case no. 17-30132

Dear Judge Whitley:

    I represent Dennis and Robin Scala, victims of Rick Siskey's Ponzi scheme. Dennis and Robin earned the funds they invested in TSI Holdings from a lifetime of hard work in the residential construction business. They are not wealthy people, and the loss of the money they entrusted to Mr. Siskey has endangered their retirement plans, their commitments to their children, and the small homebuilding business they operate together.

    The Scalas asked me to express to you their extreme frustration with Stone Street Partners and the delay and harm resulting from Stone Street's conduct in the bankruptcy proceedings. Stone Street did not invest in any of the bankrupt entities, and we do not believe it has any valid claim in the bankruptcy.

    Unlike the other claimants, Rick Siskey did not use TSI Holdings, WSC Holdings, or SouthPark Partners to steal from Stone Street. To the extent that Stone Street claims that Mr. Siskey damaged their business, the same is true for the Scalas. When the Siskey fraud was revealed, Dennis and Robin lost the ability to use their investment in TSI as collateral for construction loans. Without their TSI investment as collateral, they have not been able to obtain funding to build a home on a lot they had purchased, and they now have to sell the land where they planned to build a custom home to sell. After 33 years, Mr. Scala is no longer self-employed and has taken a position as a construction foreman. Although the Scalas' small homebuilding business survived the deep recession in the late 2000s, it may not survive this, even if they are ultimately able to recover some of their original investment.

    The damage the Scalas suffered is more direct than any damage suffered by Stone Street, but the Scalas have no bankruptcy claim for these injuries. Under the Net Investment Method established by the Court, claims are based on the "amount of cash actually deposited by a claimant into an account with the debtor [minus] any amounts actually withdrawn as return of principal, profits or interest." This approach does not permit the Scalas to pursue claims for the damage to their business, and they cannot understand why Stone Street should be in a different position in attempting to pursue indirect and unspecified business harms it allegedly

June 21, 2018
Page 2

---

suffered. Indeed, other victims who did not invest directly in TSI, WSC, or SouthPark Partners have already had their claims disallowed by the Court, as with the Outside Investors and Premier Fund Claimants. (And unlike Stone Street, these victims were apparently told by Mr. Siskey that they would be investing in one of the bankrupt entities, an equitable argument Stone Street cannot make.)

Beyond the fact that Stone Street and its companions are asserting $26 million in claims for purported business losses that Mr. Siskey's actual victims are not permitted to make, it is actively interfering with the Trustee's efforts to return funds to investors. Stone Street objected to the Trustee's first attempt at an interim distribution, and they are now attempting to do so again. These efforts compound the suffering of the actual victims of the fraud. Every dollar the Trustee is forced to spend dealing with Stone Street comes out of the pockets of Mr. Siskey's victims, and every day that passes without a distribution because of Stone Street's interference is an additional harm.

In short, the Scalas have no relationship with Stone Street, formerly Siskey Capital, and they find it extremely frustrating that Rick Siskey's former business partner is interfering with the return of stolen funds to his victims. They are concerned that Stone Street is attempting to leverage its bankruptcy claim to force the Trustee into a settlement that would take funds away from victims, and they would oppose any such settlement. Indeed, to the extent any release of potential claims against Stone Street could be released as part of a broader settlement, the Scalas believe that Stone Street should be contributing funds to the investor victims, not receiving money at their expense.

The Scalas ask that the Court overrule Stone Street's objection to the proposed interim distribution and the Trustee's proposed resolution plan, reject its bankruptcy claim, and move this case as quickly as possible towards a resolution that will return the funds Mr. Siskey stole to the Scalas and the other victims of this fraud.

Sincerely,

ROBINSON, BRADSHAW & HINSON, P.A.

Adam K. Doerr

## **CERTIFICATE OF SERVICE**

I hereby certify that the foregoing was electronically filed with CM/ECF which electronically served the following counsel of record:

James H. Henderson
JAMES H. HENDERSON, P.C.
1201 Harding Place
Charlotte, NC 28204-2248
henderson@title11.com

Charles Guy Monnett, III
Charles G. Monnett III Associates
6842 Morrison Boulevard, Suite 100
Charlotte, NC 28211
cmonnett@carolinalaw.com

Anna S. Gorman
Jospeh W. Grier, III
Michael Leon Martinez
101 North Tryon St. , Suite 1240
Charlotte, NC 28246
agorman@grierlaw.com
jgrier@grierlaw.com
mmartinez@grierlaw.com

Benjamin Bain-Creed
U.S. Attorney's Office Western District of North Carolina
227 West Trade Street, Suite 1650
Charlotte, NC 28202
benjamin.bain-creed@usdoj.gov

I further certify that the foregoing was served by first class mail, postage prepaid on the following non CM/ECF party:

TSI Holdings, LLC
4521 Sharon Road, Suite 450
Charlotte, NC  28211-4278

This 22nd day of June, 2018.

                                                /s/ Adam K. Doerr
                                              Adam K. Doerr
                                              N.C. Bar No. 37807
                                              ROBINSON BRADSHAW & HINSON, P.A.

101 North Tryon Street, Suite 1900
Charlotte, North Carolina  28246
Telephone:	(704) 377-2536
Facsimile:	(704) 378-4000

adoerr@robinsonbradshaw.com

*Attorneys for Creditors Dennis Scala and Robin Scala*