U.S. Bankruptcy Court
Western District of NC

JUN 2 5 2018

Steven T. Salata, Clerk
Charlotte Division
EA

June 25, 2018

The Honorable Craig Whitley
U.S. Bankruptcy Judge                                   (Hand Delivered to the Clerk of the
111 Charles R. Jonas Bldg.                              Bankruptcy Court on 6/25/18)
401 W. Trade Street
Charlotte, NC 28202

Re: In re: TSI Holdings, LLC et al., W.D.N.C Bankruptcy Court case no. 17-30132

Dear Judge Whitley,

My name is Teresa Hawkins and my husband, Michael Burkhard and I were one of Rick Siskey's first clients, meeting him via a cold call to my engineering firm in 1988. Mr. Siskey became our 'financial advisor' and for almost 30 years we invested our hard earned money in all three of the Ponzi entities associated with the above referenced fraud case, and as a result have lost most of our life savings. From very persuasive and persistent efforts by Mr. Siskey, I invested my IRA (started in my mid 20's,) as well as the proceeds from yearly performance bonuses from my company, the sale of said company in 2006, and my inheritance that I received upon my mother's death in 2008, into the Ponzi entities. All of that money is now gone.

We were hopeful when we learned in January 2017 that life insurance proceeds were to be set aside by Diane Siskey with the intention of paying back the Ponzi investors, restoring at least some of our stolen money. We are therefore extremely disappointed and frustrated when Stone Street Partners, LLC filed a motion to deny a partial distribution to the investors back in March 2018. It has come to our attention that court filed documents dated 6/22/18 have been filed with a new objection to a partial distribution scheduled to be heard by the bankruptcy court this afternoon. This last minute motion from Stone Street comes as a strange and unexpected surprise, as on May 7, 2018, Stone Street Partners, via a letter from Stone Streets attorney, 'demanded' that Mrs. Diane Siskey release an interim distribution to the investors in the amount of $10,000,000. This abrupt about face from Stone Street Partners is clearly motivated by greed and revenge targeted towards Mrs. Siskey on the part of Stone Street's Manager, Mr. Martin A Sumichrast.

The claimants for Stone Street Partners have vehemently denied knowing anything about the long running Ponzi scheme entities, even though they worked side by side with Mr. Siskey for many years. Further, the Stone Street claimants don't have a penny invested in the Ponzi entities, and given the strict parameters set by the Court for legitimate claims (i.e. proof of the amount of money invested), these individuals do not have the basis for a claim with the bankruptcy trustee.

The Ponzi investors that have had real money stolen by Mr. Siskey deserve to get their money back via the prudent and comprehensive process currently outlined by the bankruptcy trustee. The start of the process for returning the stolen money to the investors begins with the approval of an interim distribution that is on the courts agenda for today. The bankruptcy trustee was charged by the court to resolve this case by restoring money from the escrowed insurance money that has been set aside for that purpose by Mrs. Siskey. At the hearing held in March, the interim distribution was denied and Mr.

Grier, the bankruptcy trustee, was directed to finalize a documented settlement with Mrs. Siskey, and to move the case towards a more thorough outcome via a comprehensive settlement plan. Mr. Grier has fulfilled that directive by securing a final settlement with Mrs. Siskey and a plan to move the case forward, and hopefully to its conclusion, by converting the bankruptcy process from Chapter 7 to Chapter 11. We think Mr. Grier's hard and thorough work to secure a settlement with Mrs. Siskey, and his attempt to have the Court approve his proposed plan, should be positively acknowledged by the Court by granting the interim distribution to the long suffering investors.

In closing, Stone Street Partners has deliberately and successfully blocked and delayed an interim distribution to the Ponzi claimants. They have thwarted progress to settle this case and return monies to the frauded investors, at every turn. This delay has been vindictive and cruel and has caused a great deal of harm and emotional suffering to the Ponzi investors, many of whom have had their life savings and retirement nest eggs stolen. Many lives have been changed for the worse and this case deserves to move towards a settlement for the investors after 18 long month of patient waiting. Mr. Sumichrast has told me many times that he is opposing every aspect of the bankruptcy case in order to obtain money for the individual investors in Stone Street Partners. As one of those unfortunate investors, I have seen no evidence that Mr. Sumichrast has included any of the individual investors as part of a monetary settlement that he may receive for his various legal efforts on behalf Stone Street Partners. Please do not allow 3 individuals who do not have a legitimate claim in the Ponzi entities block 174 legitimate claimants from an interim distribution and a successful conclusion to this fraud, with a goal of returning all of the stolen money.

We thus respectfully ask the Court to overrule Stone Street Partners objection to the proposed interim distribution and to the Trustee's resolution plan, reject its bankruptcy claim and move this case towards a positive resolution so that a portion of the legitimate claimants money can be returned as soon as possible.

Respectfully,

*Teresa L Hawkins* (signature)
Teresa L Hawkins

*Michael W Burkhard* (signature)
Michael W Burkhard

We hereby certify that the foregoing was electronically distributed to the following counsel of record:

James H Henderson
JAMES H. HENDERSON, P.C.
1201 Harding Place
Charlotte, NC 28204
henderson@title11.com

Charles Guy Monnett, III
Charles G. Monnett III Associates
6842 Morrison Blvd. Suite 100
Charlotte, NC 28211

2

cmonnett@carolinalaw.com

Anna S. Gorman
Joseph W. Grier, III
Michael Leon Martinez
Grier Furr Crisp
101 N Tryon Street Suite 1240
Charlotte, NC 28246
agorman@grierlaw.com
jgrier@grierlaw.com
mmartinez@grierlaw.com

Benjamin Bain-Creed
U.S. Attorney's Office Western District of North Carolina
227 W Trade Street Suite 1650
Charlotte, NC 28202
Benjamin.bain-creed@usdoj.gov

We further certify that the foregoing was served by first class mail, postage prepaid, on the following party:

TSI Holdings, LLC
4521 Sharon Road Suite 450
Charlotte, NC 28211-4278

This 25th day of June 2018