FILED & JUDGMENT ENTERED
Steven T. Salata

July 13 2018

Clerk, U.S. Bankruptcy Court
Western District of North Carolina

J. Craig Whitley
United States Bankruptcy Judge

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE WESTERN DISTRICT OF NORTH CAROLINA
### Charlotte Division

| | |
|---|---|
| **In re:** | **CASE NO. 17-30132** |
| **TSI Holdings, LLC[1] et al.,** | **CHAPTER 7** <br> Jointly Administered |
| **DEBTORS.** | |

### ORDER APPROVING INTERIM DISTRIBUTION
### TO CREDITORS OF THE PONZI ENTITIES

This matter came before the Court on July 9, 2018, on the *Trustee's Amended Motion for Approval of Interim Distribution to Creditors of the Ponzi Entities* filed on June 27, 2018 (D.E. 281) (the "Motion"). Parties appearing at the hearing through counsel were: Michael L. Martinez and Anna S. Gorman on behalf of Joseph W. Grier, III, the Chapter 7 Trustee; Andrew T. Houston on behalf of Stone Street Partners LLC; F. Lane Williamson, Administrator of the Estate of Richard Siskey; Thomas G. Walker on behalf of Diane Siskey ("D. Siskey"); Richard B. Fennell and Edward T. Hinson on behalf of various investors; and R. Keith Johnson on behalf of Tobitha Deese.

---

[1] These jointly administered cases are those of the following debtors: TSI Holdings, LLC, Case No. 17-30132, WSC Holdings, LLC Case No. 17-30338, SouthPark Partners, LLC Case No. 17-30339 and Sharon Road Properties, LLC Case No. 17-30363.

Based on the Court's review of the Motion, the record in the case, and the arguments and statements of counsel at the hearing, the Court finds and concludes as follows:

1. On January 27, 2017, an involuntary bankruptcy petition (D.E. 1) pursuant to chapter 7 of the United States Bankruptcy Code, 11 U.S.C. §§ 101 *et seq.* (the "Code"), was filed against TSI, initiating this case (this "Case").

2. On February 2, 2017, the Court held an emergency hearing on the petitioning creditors' emergency motion to appoint an interim trustee for the Debtor in this Case (D.E. 5) (the "Trustee Motion").

3. On February 8, 2017, the Court entered its Order granting the Trustee Motion (D.E. 17), appointing the Trustee. The Court subsequently entered its *Order For Relief* (D.E. 32) on February 22, 2017.

4. Similar involuntary petitions and motions were filed against WSC, SPP and SRP, and the Court appointed the Trustee and entered orders for relief in those cases.

5. The Court authorized the joint administration of these four cases by order entered on May 23, 2017 (D.E. 63).

6. Evidence presented to the Court in the Trustee Motion, including an affidavit of Timothy Darin Stutheit, a Special Agent with the Federal Bureau of Investigation, showed that Rick Siskey ("R. Siskey"), prior to his death on December 28, 2016, operated TSI as a Ponzi scheme (the "Ponzi Scheme") (D.E. 5).

7. Based on the Debtors' records, and other evidence, the Trustee and his professionals are of the opinion that TSI, WSC, and SPP (the "Ponzi Entities" or "Ponzi Debtors") were each operated as part of the Ponzi Scheme.

8. Alternatively, this Court has held that SRP is not part of a Ponzi Scheme and that distribution to SRP claimants shall be from the assets of SRP and the assets of SRP shall satisfy the SRP administrative expenses (see Claim's Order at D.E. 177).

9. R. Siskey's decedent's estate (the "Estate") is being administered in Mecklenburg County, North Carolina by F. Lane Williamson ("Williamson"), in case number 17-E-243. The Trustee and Williamson are coordinating their case administrations. Williamson has also succeeded R. Siskey as Manager of Siskey Industries, LLC ("Siskey Industries"), an entity owned 98% by Rick Siskey.

10. The Trustee previously filed the *Trustee's Motion for Approval of Interim Distribution to Creditors of the Ponzi Entities* (the "Distribution Motion") (D.E. 252). In the Distribution Motion, the Trustee sought to make an initial distribution to the holders of allowed claimants in the Ponzi Debtors' bankruptcy cases, provided that such relief was conditioned on the Court converting the Ponzi Debtors' bankruptcy cases to Chapter 11.

11. After a hearing before the Court on June 25, 2018, the Court denied the Trustee's request to convert the cases to Chapter 11 and denied the Distribution Motion (the terms of which denials are to be more fully set forth in further written order(s) by the Court).

12. As a result, the Trustee filed the Motion seeking to make an interim distribution to the holders of allowed claims in the Ponzi Debtors' bankruptcy cases.

13. As set forth in the Motion, D. Siskey previously placed a portion of life insurance proceeds she received after the death of R. Siskey into an escrow account with Regions Bank (the "Escrow Account"). The balance of the Escrow Account as of March 31, 2018 was $37,606,730.38 (the "Escrow Proceeds").

14. From the Escrow Proceeds D. Siskey has agreed to release $11,000,000 to the Ponzi Debtors' bankruptcy estates. After reserving $1,000,000 to satisfy administrative expenses in the Ponzi Debtors' cases as allowed by the Court, the Trustee will have $10,000,000 available for an interim distribution (the "Interim Distribution").

15. All claims have been reviewed, and the Trustee has obtained orders on objections to claims, settlements regarding claims, and the amounts of allowed claims (the "Allowed Claimants") but for the claims of Stone Street Partners, LLC, f/k/a Siskey Capital, LLC (Claim No. 87), Paul G. Porter (Claim No. 89), or Dawn E. King (Claim No. 88) (the "Stone Street Claimants") and the claim of the SEC.

16. The Stone Street Claimants have consented to the Interim Distribution to Allowed Claimants without requiring the Trustee to establish a reserve for their claims provided, however, that the Stone Street Claimants reserve the right to seek payment (including a catch-up payment) in future distributions on account of any allowed claims in these cases.

17. The SEC does not oppose the Interim Distribution provided, however, that the SEC reserves the right to seek payment (including a catch-up payment) in future distributions on account of any allowed claims in these cases.

18. The Trustee seeks authority to reserve any distribution or portion of a distribution that would otherwise be paid to an Allowed Claimant believed to be a net-winner (a net-winner in a Ponzi scheme is an investor that received or withdrew more money than that investor invested in the scheme) and/or to an Allowed Claimant subject to a claim by the Trustee. The Allowed Claimants affected are as follows: Scott Jernigan, Robert J. Nastase, Don Olin, Lyle and Jeanette Ranson, Michael Salamone, and J.D. Phillips (collectively, the "Holdback Claimants").

**IT IS, THEREFORE, ORDERED** as follows:

(1) the Motion is granted pursuant to Section 726 of the Bankruptcy Code;

(2) the Trustee is permitted to accept $11,000,000 to be transferred from the Escrow Account to the Trustee for the purposes set forth in this Order;

(3) the Trustee is authorized to reserve $1,000,000 of that amount to satisfy administrative expenses in the Ponzi Debtors' cases as allowed by the Court;

(4) the Trustee is authorized to make a pro-rata Interim Distribution of up to $10,000,000 to Allowed Claimants without a reserve for the Stone Street Claimants;

(5) the Trustee is directed to send a Notice of Hearing to the Holdback Claimants setting forth the specific nature of the proposed distribution holdback as well as the basis therefore and noticing a hearing for July 19, 2018 at 2:00 p.m. for the Court to consider the Trustee's request and any defenses thereto;

(6) the entry of this Order is without prejudice to the rights of any party in interest whatsoever, including, without limitation, the right to object to any further distributions on any grounds, such as any claim that future distributions should include adjustments to account for further developments in the Ponzi Debtors' cases that impact how estate assets should be distributed;

(7) nothing contained herein should be construed as a determination as to the validity, priority, amount or extent of the claims asserted by the Stone Street Claimants or the SEC; and

(8) the Court will maintain jurisdiction over this Order.

This Order has been signed
electronically.  The Judge's
signature and Court's seal
appear at the top of the Order.

United States Bankruptcy Court