IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
Charlotte Division

| | |
|---|---|
| In re:<br><br>**TSI Holdings, LLC[1] et al.,**<br><br>**DEBTORS.** | **CASE NO. 17-30132**<br><br>**CHAPTER 7**<br>Jointly Administered |

**BANKRUPTCY TRUSTEE'S (A) MOTION FOR AUTHORITY TO MAKE SECOND INTERIM DISTRIBUTION ON BANKRUPTCY ESTATE BASE CLAIMS AND (B) APPLICATION TO PAY INTERIM COMPENSATION TO TRUSTEE**

Joseph W. Grier, III, the duly-appointed trustee (the "Trustee") in the above-captioned, jointly-administered bankruptcy cases (collectively, this "Case"), through counsel, hereby presents this *Bankruptcy Trustee's (A) Motion for Authority to Make Second Interim Distribution on Bankruptcy Estate Base Claims and (B) Application to Pay Interim Compensation to Trustee* (this "Motion") and, in support hereof, respectfully represents as follows:

**INTRODUCTION**

1. On January 24, 2019, the Court entered in this Case an *Order (I) Authorizing Trustee to Enter Into Settlement and Release Agreement and (II) Imposing Bar Order* (D.E. 379), which authorized the Trustee to enter into a settlement (the "Settlement") more thoroughly described in a corresponding motion filed by the Trustee (D.E. 349) (the "Settlement Motion").

2. As explained in the Settlement Motion, "[u]pon settlement approval, all creditors in this Case will receive an immediate interim distribution of an additional approximately 40.64%." *See* D.E. 349, at 1.

---

[1] These jointly administered cases are those of the following debtors: TSI Holdings, LLC ("TSI"), Case No. 17-30132 (the "TSI Case"); WSC Holdings, LLC ("WSC"), Case No. 17-30338 (the "WSC Case"); and SouthPark Partners, LLC ("SPP"), Case No. 17-30339 (the "SPP Case").

3. This Motion seeks express Court authority to make the immediate interim distribution to creditors in this Case contemplated by the Settlement and to pay interim compensation to the Trustee.

## PROCEDURAL BACKGROUND AND JURISDICTION

4. On January 27, 2017, an involuntary bankruptcy petition pursuant to chapter 7 of the United States Bankruptcy Code, 11 U.S.C. §§ 101 *et seq.* (the "Code"), was filed against TSI, initiating the above-captioned lead case. On February 2, 2017, the Court held an emergency hearing on the petitioning creditors' emergency motion to appoint an interim trustee for TSI. On February 8, 2017, the Court entered an Order appointing the Trustee. An *Order For Relief* was subsequently entered on February 22, 2017. Similar involuntary petitions, emergency motions, orders for relief, and orders appointing the Trustee were filed and entered against WSC and SPP (collectively, with TSI and WSC, the "Ponzi Debtors") in the WSC Case and SPP Case, respectively. The Court authorized the joint administration of the TSI Case, WSC Case, and the SPP Case by order entered on May 23, 2017 (D.E. 63).

5. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and (O). Venue properly lies in this judicial district pursuant to 28 U.S.C. § 1409(a). The predicates for the authority to make an interim distribution as requested in this Motion are §§ 105 and 726 of the Code and Rule 3009 of the Federal Rules of Bankruptcy Procedure (each a "Bankruptcy Rule" and, collectively, the "Bankruptcy Rules"). Further, the authority to approve interim Trustee compensation as requested in this Motion include Sections §§ 326, 331, 502, 503, 507 and 726 of the Code.

**FACTUAL BACKGROUND**

6. The Settlement establishes three separate facilities for providing recoveries to investor victims of the Ponzi Scheme[2]: (a) the Siskey Settlement Fund; (b) the Siskey Settlement Facility; and (c) the MetLife Settlement Facility. The Settlement also designates American Legal Claims Services LLC ("ALCS") as the "disbursing agent" charged with administering the three separate Settlement facilities.

7. The Siskey Settlement Facility and the MetLife Settlement Facility essentially provide an opportunity for individual victims of the Ponzi Scheme to settle their personal claims against Diane Siskey and MetLife pursuant to a process that does not involve any funds flowing through the bankruptcy estates in this Case (collectively, the "Estates"). ALCS—with oversight by the Trustee and other parties to the Settlement—will administer the Siskey Settlement Facility and the MetLife Settlement Facility without bankruptcy court supervision. Accordingly, **the distribution contemplated by this Motion relates only to the <u>Siskey Settlement Fund</u>**.[3]

8. Pursuant to the Settlement, Diane Siskey pledged $41,376,196.46 in total settlement funds, plus additional interest earned on an escrow account between October 31, 2018 and the "Implementation Date" (as defined in the Settlement Agreement).[4] Although the Implementation Date has not yet occurred, $35,416.32 in interest was earned on the applicable escrow account between October 31, 2018 and December 31, 2018, such that the total Siskey Settlement Payment will equal or exceed $41,411,612.78.

9. Of the $41,411,609.78 Siskey Settlement Payment:

---

[2] Capitalized terms not otherwise defined herein shall have the meanings set forth in the Settlement Motion.

[3] Likewise, this Motion does not deal with Siskey Settlement Fund distributions to be made to Probate Investors and Orphaned Investors; those distributions will be made by ALCS without any further confirmation or other approval by any court. This Motion deals only with Siskey Settlement Fund distributions to holders of Base Claims in this Case.

[4] The Settlement Agreement defines this payment as the "Siskey Settlement Payment."

3

(a) $11,000,000.00 has already been released to the Trustee and distributed to holders of allowed claims in this Case pursuant to an interim distribution order previously entered by this Court (*see* D.E. 295);

(b) $2,050,000.00 will be reserved in a litigation "Holdback" for Diane Siskey, as described in the Settlement Motion;

(c) $7,460,280.17 will be paid through the Siskey Settlement Facility or added to the Holdback, according to an apportionment based on which victims execute the Optional Siskey Release; and

(d) $750,000.00 will be paid through the MetLife Settlement Facility or added to the Holdback, according to an apportionment based on which victims execute the Optional MetLife Release; and

(e) $1,898,221.29 in "House Proceeds" is already being held in a deposit account under the Trustee's control and will be paid to the Stone Street Claimants or reserved for administrative expenses as set forth in the Settlement Agreement (*see* D.E. 349, pages 33–34 of 88, § 4(a)).

Therefore, upon the occurrence of the Implementation Date, Diane Siskey will transfer at least $18,253,108.32 in additional funds to be disbursed through the Siskey Settlement Fund.[5]

10. In addition, MetLife will transfer $250,000.00 to be disbursed through the Siskey Settlement Fund upon the occurrence of the Implementation Date.

11. As set forth in the Settlement Agreement, after (i) accounting for the prior interim distribution, (ii) disbursing $1,000,000 of the House Proceeds to the Stone Street Claimants, as a partial settlement payment (*see* D.E. 349, pages 33 of 88, § 4(a)(i)–(iii)), and (iii) disbursing the remaining $898,221.29 of the House Proceeds to the Estates, as an administrative expense reserve (*see* D.E. 349, pages 33 of 88, § 4(a)(iv)):

(a) $295,149.42 from the Siskey Settlement Fund will be paid to the Estates as an additional administrative expense reserve (*see* D.E. 349, pages 33 of 88, § 4(a)(v)); and

(b) $1,218,087.18 from the Siskey Settlement Fund will be paid in "catch-up"[6] payments to the Probate Investors and Orphaned Investors

---

[5] This payment toward the Siskey Settlement Fund supplements the $1,898,221.29 in "House Proceeds" and cash in the Estates' deposit account, which are already under the Trustee's control.

($987,494.57 and $230,592.61, respectively) (*see* D.E. 349, pages 33 of 88, § 4(a)(vi)).

12. Furthermore, a portion of the funds contributed to the Siskey Settlement Fund will be used to satisfy the administrative expenses incurred by ALCS, which are estimated to total $15,325 for the initial round of disbursements to be made upon the occurrence of the Implementation Date.

13. As a result of the foregoing, there will be $16,974,546.72 in the Siskey Settlement Fund available to distribute to all investor victims of the Ponzi Scheme who hold Base Claims upon the occurrence of the Implementation Date.

14. The aggregate amount of allowed Base Claims in this Case totals $36,252,107.75. The aggregate amount of allowed Probate Investor Base Claims against the Siskey Estate totals $3,579,875.95.[7] The aggregate amount of Orphaned Investors' Base Claims against the Siskey Estate totals $835,946.81. Therefore, the aggregate amount of Base Claims totals $40,667,930.51.

15. Accordingly, the aggregate amount of allowed Base Claims in this Case represents approximately 89.14% of all Base Claims, such that **$15,131,409.17** of the $16,974,474.85 in the Siskey Settlement Fund available to distribute on Base Claims will be available to distribute in this Case shortly after the occurrence of the Implementation Date.

---

[6] The purpose of these "catch-up payments" is to equalize recoveries among the investor victims with claims in this Case (who have received a prior interim distribution) and the Probate Investors and Orphaned Investors (who have not received a prior interim distribution).

[7] The Settlement Motion asserted that the aggregate amount of allowed Probate Investor Base Claims against the Siskey Estate totaled $4,204,459.00 (*see* D.E. 349, at 9, ¶ 19). However, after filing the Settlement Motion, the Trustee discovered that that figure was slightly inflated, and the actual number appears above. As referenced during the hearing on, and the Order approving, the Settlement Motion (*see* D.E. 379, at 5, n.7), the Settlement Agreement has been "slip-sheeted" to reflect the correct figure: $3,579,875.95.

16. The Trustee proposes to distribute **$15,131,409.17** to investors with allowed Base Claims in this Case, to the investors and in the amounts shown on the attached Exhibit A, which is incorporated herein by reference (the "Second Interim Distribution").

17. Notwithstanding any of the foregoing to the contrary, as referenced above, Diane Siskey's and MetLife's contractual obligation to fund the Siskey Settlement Fund is contingent upon the occurrence of the Implementation Date, as defined in the Settlement Agreement. To the Trustee's knowledge, the only remaining condition precedent to the occurrence of the Implementation Date that is yet to come to fruition is the U.S. Securities and Exchange Commission consenting to the Settlement (*see* D.E. 349, pages 32–33 of 88, § 3(d)(ii) & § 3(e)(iii)). Accordingly, unless and until the U.S. Securities and Exchange Commission consents to the Settlement, the Trustee will not have $15,131,409.17 to distribute as contemplated in this Motion.

18. The Trustee also requests that he be awarded interim compensation. Section 330(a)(7) of the Bankruptcy Code provides that, "In determining the amount of reasonable compensation to be awarded to a trustee, the court shall treat such compensation as a commission, based on section 326." Section 326 provides that the court may allow reasonable compensation under Section 330 based on a formula tied to disbursements to parties in interest. In this Case, the Trustee is requesting compensation based on the sum of the disbursements previously made, $10,000,000.00,[8] plus amounts distributed in accordance with this Motion, which total $15,131,409.17. The Trustee is not requesting compensation on disbursements made to Probate Investors or to Orphaned Investors (approximately $3,000,000) or on disbursements

---

[8] The Trustee chose not to request interim compensation at the time the initial distribution was made so as to maintain focus upon a global settlement on behalf of the investors.

6

from the Siskey Settlement Facility (up to $7,460,280.17) or the MetLife Settlement Facility (up to $1,500,000).

19. "[A]bsent extraordinary circumstances, Chapter 7 trustees must be paid on a commission basis, as required by 11 U.S.C. § 330(a)(7)." *In re Rowe*, 750 F.3d 392, 394 (4th Cir. 2014). "As such, § 330(a)(7) creates a presumption, but not a right, to a statutory maximum commission-based fee for Chapter 7 trustee." *Rowe* at 398.

20. Based upon total distributions to holders of allowed Base Claims in this Case, the amount of the Trustee's interim compensation is calculated on a total of $25,131,409.17 as follows ("Trustee's Interim Compensation"):

| | |
|---|---|
| 25% of the first $5,000 disbursed | $1,250.00 |
| 10% of the next $45,000 disbursed | $4,500.00 |
| 5% of the next $950,000 distributed | $47,500.00 |
| 3% of the next $24,131,409.17 | $723,942.27 |
| **TOTAL** | **$777,192.27** |

21. The Trustee has not yet been compensated for his time as trustee during the course of these jointly-administered cases which have been pending for over two years since February, 2017. Administering these cases has required virtually daily attention by the Trustee. A non-exhaustive list of achievements during the course of these cases thus far includes: (a) investigating the history of the Ponzi Debtors, including financials of the Ponzi Debtors, the relationship between the financials of the Ponzi Debtors and of Rick Siskey and numerous other entities and individuals connected to Rick Siskey; (b) investigating and understanding the investments/claims of investors and determining those claims in this Court; (c) assisting in the liquidation of assets, including physical assets, as well as asserting claims against third parties

7

including challenging ownership of millions of dollars in life insurance proceeds; (d) coordination with the parallel Siskey Estate state court estate administration proceeding; (e) making a $10 million interim distribution to investors in July 2018; and (f) negotiating and reaching a global settlement among Diane Siskey, Negrelli, the Siskey Estate, Siskey Industries, Stone Street, King, Porter, and four MetLife entities that has recently been approved by this Court which pays investors as much as 90% of their Base Claims, with the possibility of additional funds to pay in excess of 100% of Base Claims.

22. The Settlement that the Trustee fought vigorously to secure guarantees approximately **$36,800,000** being distributed to victims of the Ponzi Scheme, who hold Base Claims (in this Case, against the Siskey Estate, or otherwise) totaling approximately $40,700,000. Therefore, victims of the Ponzi Scheme will receive a recovery in excess of 90% of their Base Claims, with a possibility of receiving payment in full plus interest. This is an unprecedented result in a Ponzi scheme liquidation proceeding, especially considering the relatively short amount of time in which this was accomplished.

23. The Trustee is not seeking a commission based on amounts paid to creditors through the Siskey Settlement Facility or the MetLife Settlement Facility, nor is the Trustee seeking a commission on amounts the Trustee attained for Probate Investors or Orphaned Investors through the Settlement. Similarly, the Trustee is not seeking a commission based on the $1,000,000 in distributions to be made to Stone Street, Porter, and King through the Settlement.

24. According to the Trustee's calculations, the $777,192.27 interim commission sought reflects approximately 1.8% of the more than $42,400,000 in payments to be made by Diane Siskey and MetLife through the Settlement.

8

## RELIEF REQUESTED

25. Through this Motion and Application, the Trustee seeks entry of an Order authorizing the Trustee to make the Second Interim Distribution and approving and authorizing Trustee to pay Trustee's Interim Compensation.

## BASIS FOR RELIEF REQUESTED

26. Pursuant to § 105 of the Code, the Court "may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of [the Code]." 11 U.S.C. § 105(a). Distributions in a chapter 7 bankruptcy case are governed by § 726 of the Code. *See* 11 U.S.C. § 726. Pursuant to Bankruptcy Rule 3009, dividends to creditors of a chapter 7 bankruptcy estate "shall be paid as promptly as practicable." FED. R. BANKR. P. 3009.

27. Section 326 sets out the amount of compensation to be paid to chapter 7 trustees; interim compensation to trustees may be authorized pursuant to Section 331.

## ARGUMENT

28. The Second Interim Distribution proposed through this Motion is wholly consistent with § 726 of the Code. Indeed, approving this Motion honors Bankruptcy Rule 3009's mandate that distributions be made as promptly as practicable.

29. An interim distribution of $15,131,409.17 will allow a pro-rata distribution of approximately **41.74%** to holders of allowed Base Claims in this Case.

30. Taken together with the previous distribution approved by the Court, the Second Interim Distribution would provide holders of allowed Base Claims in this Case with an aggregate recovery of their Ponzi Scheme losses of 69.32%.[9]

---

[9] In addition to the 69.32% described above, each holder of Base Claims in this Case will be able to recover an additional approximately 18.35% from the Siskey Settlement Facility if such holder elects to execute the Optional Siskey Release and/or an additional approximately 3.69% from the MetLife Settlement Facility if such holder elects to execute the Optional MetLife Release.

9

31.     The Trustee believes the Second Interim Distribution to be in the best interests of the Estates.  For these reasons, the Trustee requests that the Court approve the Second Interim Distribution proposed herein.

32.     The Trustee further requests that the Court approve and authorize payment of Trustee's Interim Compensation.  The Trustee maintains that the request for Trustee's Interim Compensation is fully supported by the Bankruptcy Code.

**WHEREFORE**, the Trustee respectfully prays that the Court will enter an Order:

1)    GRANTING this Motion;

2)    authorizing the Trustee to distribute $15,131,409.17 to investors with allowed Base Claims in this Case, to the investors and in the amounts shown on the attached Exhibit A;

3)    approving and authorizing payment of $777,192.27 to the Trustee as Trustee's Interim Compensation; and

4)    granting such other and further relief as may be just and proper.

This is the 13th day of February, 2019.

 */s/ Michael L. Martinez*
Joseph W. Grier, III (N.C. Bar No 7764)
Anna S. Gorman (N.C. Bar No 20987)
Michael L. Martinez (N.C. Bar No. 39885)
Grier Furr & Crisp, PA
101 North Tryon Street, Suite 1240
Charlotte, NC 28246
Phone:  704/375.3720; Fax:  704/332.0215
Email:  mmartinez@grierlaw.com

*Attorneys for Joseph W. Grier, III, Trustee*

| Full Name | Claim # (TSI) | Claim # (WSC) | Claim # (SPP) | Base Claim Amount | 1st Interim Distribution | 2nd Interim Distribution | Total Distributions Received To Date | % Recovered To Date |
|---|---|---|---|---|---|---|---|---|
| John K. Kelly | 1 | | | $305,227.00 | $84,195.67 | $127,399.88 | $211,595.55 | 69.32% |
| Argo Partners, Assignee of T. Hawkins & M. Burkhard | 3 | | | $100,000.00 | $27,584.61 | $41,739.38 | $69,323.99 | 69.32% |
| Archie J. Parker | 6 | | | $125,000.00 | $34,480.76 | $52,174.23 | $86,654.99 | 69.32% |
| Argo Partners, Assignee of Michael R. Licata | 7-3 | | | $200,000.00 | $55,169.22 | $83,478.77 | $138,647.99 | 69.32% |
| Barbara A. Petrey | 8 | | | $25,000.00 | $6,896.16 | $10,434.84 | $17,331.00 | 69.32% |
| Tony F. Chaney, Sr. | 9 | | | $225,787.30 | $62,282.54 | $94,242.24 | $156,524.78 | 69.32% |
| Cynthia Ellen Carr | 11 | | | $50,000.00 | $13,792.30 | $20,869.70 | $34,662.00 | 69.32% |
| Gerald D. Mead | 12 | | | $331,122.04 | $91,338.70 | $138,208.32 | $229,547.02 | 69.32% |
| Maintstar Trust FBO Bruce D. Smith | 14 | | | $390,000.00 | $107,579.95 | $162,783.63 | $270,363.58 | 69.32% |
| Maintstar Trust FBO Robert W. Smith, Jr. | 15 | | | $150,000.00 | $41,376.90 | $62,609.09 | $103,985.99 | 69.32% |
| Maintstar Trust FBO Melvin McCullough | 16 | | | $148,000.00 | $40,825.21 | $61,774.30 | $102,599.51 | 69.32% |
| George N. Lovelace | 17 | | | $125,000.00 | $34,480.75 | $52,174.24 | $86,654.99 | 69.32% |
| Maintstar Trust FBO George N. Lovelace | 18 | | | $144,454.00 | $39,847.06 | $60,294.22 | $100,141.28 | 69.32% |
| Maintstar Trust FBO Mary Jewett Efird | 19 | | | $99,000.00 | $27,308.76 | $41,321.99 | $68,630.75 | 69.32% |
| John and Sue Johnsen | 20 | | | $50,000.00 | $13,792.30 | $20,869.70 | $34,662.00 | 69.32% |
| Sagita Norris | 22 | | | $341,000.00 | $94,063.50 | $142,331.32 | $236,394.82 | 69.32% |
| Mavis H. Anderson | 23 | | | $85,000.00 | $23,446.91 | $35,478.49 | $58,925.40 | 69.32% |
| James H. and Brenda R. Parks | 24 | | | $401,800.00 | $110,834.93 | $167,708.88 | $278,543.81 | 69.32% |
| Maintstar Trust FBO Janice D. Beddard | 25 | | | $175,000.00 | $48,273.06 | $73,043.93 | $121,316.99 | 69.32% |
| Maintstar Trust FBO William C. Vanness, III | 26 | | | $50,000.00 | $13,792.30 | $20,869.70 | $34,662.00 | 69.32% |
| Maintstar Trust FBO Nicole Vanness | 27 | | | $50,000.00 | $13,792.30 | $20,869.70 | $34,662.00 | 69.32% |
| Diane G. Davis | 28 | | | $180,000.00 | $49,652.29 | $75,130.90 | $124,783.19 | 69.32% |
| J. Michael and Kristen Cowling | 29 | | | $450,000.00 | $124,130.71 | $187,827.27 | $311,957.98 | 69.32% |
| Estate of Betty M. Maynard | 30 | | | $84,834.00 | $23,401.12 | $35,409.20 | $58,810.32 | 69.32% |
| Maintstar Trust FBO Susan D. Ligon | 31 | | | $94,000.00 | $25,929.53 | $39,235.02 | $65,164.55 | 69.32% |
| Michael Dennis Ligon | 32 | | | $1,100,000.00 | $303,430.63 | $459,133.31 | $762,563.94 | 69.32% |
| Patricia Hardin Chester | 33 | | | $50,000.00 | $13,792.30 | $20,869.70 | $34,662.00 | 69.32% |
| Maintstar Trust FBO Patricia Hardin Chester | 33-2 | | | $191,152.78 | $52,728.74 | $79,786.00 | $132,514.74 | 69.32% |
| Maintstar Trust FBO Ted F. Norwood | 34 | | | $268,033.04 | $73,935.85 | $111,875.36 | $185,811.21 | 69.32% |
| Enrique Paredes Tablas | 36 | | | $85,000.00 | $23,446.91 | $35,478.49 | $58,925.40 | 69.32% |
| Argo Partners, Assignee of Elizabeth A. Moncrief | 37 | | | $638,000.00 | $175,989.77 | $266,297.31 | $442,287.08 | 69.32% |
| Dhiren M. and Sherry Ballard Rathod | 38 | | | $50,000.00 | $13,792.30 | $20,869.70 | $34,662.00 | 69.32% |
| Michael Gregg Marshall | 39 | | | $195,000.00 | $53,789.98 | $81,391.81 | $135,181.79 | 69.32% |
| Maintstar Trust FBO Scott Hicks | 41 | | | $218,000.00 | $60,134.43 | $90,991.88 | $151,126.31 | 69.32% |
| Maintstar Trust FBO Lucinda H. Hicks | 42 | | | $290,000.00 | $79,995.35 | $121,044.23 | $201,039.58 | 69.32% |
| Maintstar Trust FBO William Dancer | 44 | | | $218,000.00 | $60,134.43 | $90,991.88 | $151,126.31 | 69.32% |
| Maintstar Trust FBO David J. Mahoney | 46 | | | $41,000.00 | $11,309.69 | $17,113.15 | $28,422.84 | 69.32% |
| Robert B. and April M. Frazer | 47 | | | $410,000.00 | $113,096.87 | $171,131.51 | $284,228.38 | 69.32% |
| Maintstar Trust FBO Susan E. Falin | 48 | | | $50,000.00 | $13,792.30 | $20,869.70 | $34,662.00 | 69.32% |
| Judson Michael Pelt | 49 | | | $125,000.00 | $34,480.75 | $52,174.24 | $86,654.99 | 69.32% |
| Maintstar Trust FBO Eric Ward | 50 | | | $270,000.00 | $74,478.43 | $112,696.36 | $187,174.79 | 69.32% |
| Maintstar Trust FBO Steven M. Brown | 51 | | | $200,000.00 | $55,169.21 | $83,478.78 | $138,647.99 | 69.32% |
| Maintstar Trust FBO James S. Hunt | 52 | | | $230,000.00 | $63,444.59 | $96,000.60 | $159,445.19 | 69.32% |
| Maintstar Trust FBO Lynann Nehls | 53 | | | $230,000.00 | $63,444.59 | $96,000.60 | $159,445.19 | 69.32% |

# EXHIBIT A

| Full Name | Claim # (TSI) | Claim # (WSC) | Claim # (SPP) | Base Claim Amount | 1st Interim Distribution | 2nd Interim Distribution | Total Distributions Received To Date | % Recovered To Date |
|---|---|---|---|---|---|---|---|---|
| Maintstar Trust FBO Michael C. D'Agata | 56 | | | $70,000.00 | $19,309.22 | $29,217.58 | $48,526.80 | 69.32% |
| Cheryl D. Eckley | 57 | | | $700,000.00 | $193,092.22 | $292,175.74 | $485,267.96 | 69.32% |
| Mainstar Trust FBO Cheryl D. Eckley | 57-2 | | | $1,000,000.00 | $275,846.03 | $417,393.92 | $693,239.95 | 69.32% |
| Mainstar Trust FBO Jeanne B. Turner | 58 | | | $37,000.00 | $10,206.30 | $15,443.58 | $25,649.88 | 69.32% |
| Mainstar Trust FBO Paul A. Turner | 59 | | | $272,000.00 | $75,030.12 | $113,531.15 | $188,561.27 | 69.32% |
| Adam Goulet | 60 | | | $29,884.95 | $8,243.64 | $12,473.80 | $20,717.44 | 69.32% |
| Michael Salamone | 61 | | | $883,000.00 | $243,572.04 | $368,558.83 | $612,130.87 | 69.32% |
| EHE Investments, LLC | 62 | | | $200,000.00 | $55,169.21 | $83,478.78 | $138,647.99 | 69.32% |
| Wesley Campbell | 63 | | | $100,000.00 | $27,584.60 | $41,739.39 | $69,323.99 | 69.32% |
| Campbell Oil Company | 64 | | | $100,000.00 | $27,584.60 | $41,739.39 | $69,323.99 | 69.32% |
| Brian Dixon Campbell | 65 | | | $50,000.00 | $13,792.30 | $20,869.70 | $34,662.00 | 69.32% |
| Robert Craig Cass | 66 | | | $295,000.00 | $81,374.58 | $123,131.20 | $204,505.78 | 69.32% |
| Winland Credit Partners, Asignee of John Boccia | 67 | | | $115,000.00 | $31,722.29 | $48,000.30 | $79,722.59 | 69.32% |
| Charlotte Dreibelbis | 68 | | | $150,000.00 | $41,376.90 | $62,609.09 | $103,985.99 | 69.32% |
| Estate of Carol T. Correggia | 69 | | | $100,000.00 | $27,584.60 | $41,739.39 | $69,323.99 | 69.32% |
| Mainstar Trust FBO Anthony William Packer | 70 | | | $413,715.00 | $114,121.64 | $172,682.12 | $286,803.76 | 69.32% |
| Mainstar Trust FBO Don W. Garrett | 71 | | | $351,000.00 | $96,821.96 | $146,505.26 | $243,327.22 | 69.32% |
| Brian Wilder | 72 | | | $509,000.00 | $140,405.63 | $212,453.50 | $352,859.13 | 69.32% |
| Mainstar Trust FBO Thomas J. Cusack | 74 | | | $70,331.85 | $19,400.76 | $29,356.09 | $48,756.85 | 69.32% |
| Mainstar Trust FBO Donald B. Olin (Roth IRA) | 75 | | | $233,950.00 | $64,534.18 | $97,649.31 | $162,183.49 | 69.32% |
| Dennis & Robin Scala | 76 | | | $490,000.00 | $135,164.55 | $204,523.02 | $339,687.57 | 69.32% |
| Mainstar Trust FBO Thomas Joseph Crozier, III | 77 | | | $83,000.00 | $22,895.22 | $34,643.70 | $57,538.92 | 69.32% |
| Kent Kalina | 78 | | | $45,000.00 | $12,413.07 | $18,782.73 | $31,195.80 | 69.32% |
| Ivy Robinson Dunstan Revocable Trust | 79 | | | $100,000.00 | $27,584.60 | $41,739.39 | $69,323.99 | 69.32% |
| Richard E. German | 80 | | | $15,315.97 | $4,224.85 | $6,392.79 | $10,617.64 | 69.32% |
| Sarah P. German | 81 | | | $109,700.00 | $30,260.31 | $45,788.11 | $76,048.42 | 69.32% |
| Jeffrey D. Oden | 82 | | | $5,000.00 | $1,379.23 | $2,086.97 | $3,466.20 | 69.32% |
| Jerry Robert King | 83 | | | $600,000.00 | $165,507.62 | $250,436.35 | $415,943.97 | 69.32% |
| Maintstar Trust FBO Rose B. Cummings (Trad. IRA) | 84 | | | $140,000.00 | $38,618.44 | $58,435.15 | $97,053.59 | 69.32% |
| Maintstar Trust FBO William D. Cummings (Trad. IRA) | 86 | | | $165,000.00 | $45,514.59 | $68,870.00 | $114,384.59 | 69.32% |
| Mainstar Trust FBO Tony F. Chaney, Sr. | 91 | | | $140,000.00 | $38,618.44 | $58,435.15 | $97,053.59 | 69.32% |
| Lauren Piscatelli | 95 | | | $699,485.00 | $192,950.16 | $291,960.78 | $484,910.94 | 69.32% |
| Gary and Karen Frazier | | 1 | | $445,000.00 | $122,751.48 | $185,740.30 | $308,491.78 | 69.32% |
| Paul and Penni Leite | | 2 | | $100,000.00 | $27,584.60 | $41,739.39 | $69,323.99 | 69.32% |
| Tobitha Deese | | 3 | | $27,500.00 | $7,585.77 | $11,478.33 | $19,064.10 | 69.32% |
| Joseph P. Price | | 4 | | $28,880.00 | $7,966.43 | $12,054.34 | $20,020.77 | 69.32% |
| Evelyn Laynette Robinson | | 6 | | $380,012.69 | $104,824.99 | $158,614.99 | $263,439.98 | 69.32% |
| Argo Partners, Assignee of Richard and Michelle Platt | | 7 | | $990,000.00 | $273,087.57 | $413,219.97 | $686,307.54 | 69.32% |
| Mainstar Trust FBO John D. Phillips, Jr. | | 8 | | $150,000.00 | $41,376.90 | $62,609.09 | $103,985.99 | 69.32% |
| Katherine S. Aldridge | | 9 | | $100,000.00 | $27,584.60 | $41,739.39 | $69,323.99 | 69.32% |
| George Holmes | | 11 | | $50,000.00 | $13,792.30 | $20,869.70 | $34,662.00 | 69.32% |
| Mainstar Trust FBO Dana Lemons | | 12 | | $100,000.00 | $27,584.60 | $41,739.39 | $69,323.99 | 69.32% |
| Mainstar Trust FBO Herbert Lee Lemons | | 13 | | $100,000.00 | $27,584.60 | $41,739.39 | $69,323.99 | 69.32% |
| Kathy V. Beam | | 14 | | $70,000.00 | $19,309.22 | $29,217.58 | $48,526.80 | 69.32% |

# **EXHIBIT A**

| Full Name | Claim # (TSI) | Claim # (WSC) | Claim # (SPP) | Base Claim Amount | 1st Interim Distribution | 2nd Interim Distribution | Total Distributions Received To Date | % Recovered To Date |
|---|---|---|---|---|---|---|---|---|
| Gene and Tonya Ligon | | 15 | | $100,000.00 | $27,584.60 | $41,739.39 | $69,323.99 | 69.32% |
| Gregorie Scott Rivers | | 16 | | $200,000.00 | $55,169.21 | $83,478.78 | $138,647.99 | 69.32% |
| Terence S. & Cathy S. Roche | | 17 | | $270,000.00 | $74,478.43 | $112,696.35 | $187,174.78 | 69.32% |
| Robert B. and April M. Frazer | | 18 | | $436,712.00 | $120,465.27 | $182,280.93 | $302,746.20 | 69.32% |
| Argo Partners, Assignee of Michael Burkhard | | 19 | | $78,747.50 | $21,722.19 | $32,868.72 | $54,590.91 | 69.32% |
| Mainstar Trust FBO Norman D. Baucom | | 20 | | $40,000.00 | $11,033.84 | $16,695.76 | $27,729.60 | 69.32% |
| Shannon Johnsen Baucom | | 21 | | $40,000.00 | $11,033.84 | $16,695.76 | $27,729.60 | 69.32% |
| Argo Partners, Assignee of T. Hawkins & M. Burkhard | | 22 | | $273,088.50 | $75,330.38 | $113,985.48 | $189,315.86 | 69.32% |
| Argo Partners, Assignee of T. Hawkins & M. Burkhard | | 23 | | $267,618.22 | $73,821.42 | $111,702.22 | $185,523.64 | 69.32% |
| Randy Reittinger | | 24 | | $100,000.00 | $27,584.60 | $41,739.39 | $69,323.99 | 69.32% |
| Mainstar Trust FBO Lyle Ranson | | 26 | | $36,966.67 | $10,197.11 | $15,429.66 | $25,626.77 | 69.32% |
| Mainstar Trust FBO Jeanette Ranson | | 27 | | $45,966.67 | $12,679.72 | $19,186.21 | $31,865.93 | 69.32% |
| Carl Patterson | | 28 | | $100,000.00 | $27,584.60 | $41,739.39 | $69,323.99 | 69.32% |
| Wanda Edwards Miller | | 31 | | $132,000.00 | $36,411.68 | $55,095.99 | $91,507.67 | 69.32% |
| Wanda Edwards Miller | | 32 | | $49,000.00 | $13,516.46 | $20,452.30 | $33,968.76 | 69.32% |
| Craig Stephens Miller | | 33 | | $35,000.00 | $9,654.61 | $14,608.79 | $24,263.40 | 69.32% |
| Argo Partners, Assignee of Hamilton Nash Grier | | 34 | | $100,000.00 | $27,584.60 | $41,739.39 | $69,323.99 | 69.32% |
| Peter and Jennifer Schwarz | | 35 | | $200,000.00 | $55,169.21 | $83,478.78 | $138,647.99 | 69.32% |
| Melton Brown | | 36 | | $150,000.00 | $41,376.90 | $62,609.09 | $103,985.99 | 69.32% |
| Mainstar Trust FBO Cheryl Eckley | | 37 | | $700,000.00 | $193,092.22 | $292,175.74 | $485,267.96 | 69.32% |
| Cheryl Eckley | | 37-2 | | $394,529.75 | $108,829.47 | $164,674.31 | $273,503.78 | 69.32% |
| TRC Master Fund, LLC, Assignee of Daisy Couch | | 38 | | $20,000.00 | $5,516.92 | $8,347.88 | $13,864.80 | 69.32% |
| Estate of Vijay Doshi | | 39 | | $378,536.29 | $104,417.73 | $157,998.75 | $262,416.48 | 69.32% |
| Christa T. Boggs | | 40 | | $51,500.00 | $14,206.07 | $21,495.79 | $35,701.86 | 69.32% |
| Carlton Tyson | | 41 | | $300,000.00 | $82,753.81 | $125,218.17 | $207,971.98 | 69.32% |
| Carl E. and Dorothy Merrell | | 42 | | $125,000.00 | $34,480.75 | $52,174.24 | $86,654.99 | 69.32% |
| Mainstar Trust FBO Carl E. Merrell | | 43 | | $80,500.00 | $22,205.61 | $33,600.21 | $55,805.82 | 69.32% |
| UBS FBO Deborah S. Monnett | | 44 | | $180,000.00 | $49,652.29 | $75,130.90 | $124,783.19 | 69.32% |
| Deborah S. Monnett | | 44-2 | | $220,000.00 | $60,686.13 | $91,826.66 | $152,512.79 | 69.32% |
| Kathryn Furr | | 45 | | $37,600.00 | $10,371.81 | $15,694.01 | $26,065.82 | 69.32% |
| Bobby Furr | | 46 | | $67,750.00 | $18,688.57 | $28,278.44 | $46,967.01 | 69.32% |
| Mainstar Trust FBO Jeanne B. Turner | | 47 | | $144,939.44 | $39,980.97 | $60,496.84 | $100,477.81 | 69.32% |
| Lorraine Machen | | 48 | | $63,000.00 | $17,378.30 | $26,295.82 | $43,674.12 | 69.32% |
| Laura C. Smith Trust | | 49 | | $66,000.00 | $18,205.84 | $27,548.00 | $45,753.84 | 69.32% |
| Keith M. Stroud, Jr. | | 51 | | $484,126.66 | $133,544.42 | $202,071.52 | $335,615.94 | 69.32% |
| Mainstar Trust FBO Keith M. Stroud, Jr. | | 51-2 | | $403,723.53 | $111,365.53 | $168,511.75 | $279,877.28 | 69.32% |
| Mainstar Trust FBO Thomas J. Crozier, III (Trad. IRA) | | 54 | | $160,377.74 | $44,239.56 | $66,940.70 | $111,180.26 | 69.32% |
| Matthew C. McFee | | 55 | | $53,125.00 | $14,654.32 | $22,174.05 | $36,828.37 | 69.32% |
| Carolyn B. Crozier | | 58 | | $300,000.00 | $82,753.81 | $125,218.17 | $207,971.98 | 69.32% |
| Edward Jones FBO Carolyn B. Crozier | | 59 | | $93,500.00 | $25,791.60 | $39,026.33 | $64,817.93 | 69.32% |
| Kent M. Kalina | | 60 | | $24,772.50 | $6,833.40 | $10,339.89 | $17,173.29 | 69.32% |
| Ivy Robinson | | 61 | | $200,000.00 | $55,169.21 | $83,478.78 | $138,647.99 | 69.32% |
| Mainstar Trust FBO Ann H. Miltich | | 62 | | $100,000.00 | $27,584.60 | $41,739.39 | $69,323.99 | 69.32% |
| Jerry Robert King | | 63 | | $580,000.00 | $159,990.70 | $242,088.47 | $402,079.17 | 69.32% |

# EXHIBIT A

| Full Name | Claim # (TSI) | Claim # (WSC) | Claim # (SPP) | Base Claim Amount | 1st Interim Distribution | 2nd Interim Distribution | Total Distributions Received To Date | % Recovered To Date |
|---|---|---|---|---|---|---|---|---|
| Mainstar Trust FBO William F. Bass | | 68 | | $50,000.00 | $13,792.30 | **$20,869.70** | $34,662.00 | 69.32% |
| Lauren Piscatelli | | 69 | | $260,000.00 | $71,719.97 | **$108,522.42** | $180,242.39 | 69.32% |
| Mainstar Trust FBO Robert J. Bowers | | 70 | | $65,631.85 | $18,104.29 | **$27,394.33** | $45,498.62 | 69.32% |
| Don W. Garrett | | 71 | | $13,000.00 | $3,586.00 | **$5,426.12** | $9,012.12 | 69.32% |
| Scott Dunstan | | 74 | | $100,000.00 | $27,584.60 | **$41,739.39** | $69,323.99 | 69.32% |
| James and Melanie Poteat | | 75 | | $600,000.00 | $165,507.62 | **$250,436.35** | $415,943.97 | 69.32% |
| Argo Partners, Assignee of Clint Pleasants | | 76 | | $20,000.00 | $5,516.92 | **$8,347.88** | $13,864.80 | 69.32% |
| Quality Auto Machine, Inc. | | | 7 | $95,000.00 | $26,205.37 | **$39,652.42** | $65,857.79 | 69.32% |
| Robert B. and April M. Frazer | | | 11 | $375,000.00 | $103,442.26 | **$156,522.72** | $259,964.98 | 69.32% |
| Argo Partners, Assignee of Teresa L. Hawkins | | | 12-2 | $256,500.00 | $70,754.51 | **$107,061.54** | $177,816.05 | 69.32% |
| Argo Partners, Assignee of T. Hawkins & M. Burkhard | | | 13 | $158,600.00 | $43,749.18 | **$66,198.68** | $109,947.86 | 69.32% |
| Mainstar Trust FBO Angela R. Thomas | | | 14 | $286,089.15 | $78,916.56 | **$119,411.87** | $198,328.43 | 69.32% |
| Mainstar Trust FBO Phillip R. Thomas | | | 15-2 | $16,861.25 | $4,651.11 | **$7,037.78** | $11,688.89 | 69.32% |
| Mainstar Trust FBO Lyle Ranson | | | 16 | $11,250.00 | $3,103.27 | **$4,695.68** | $7,798.95 | 69.32% |
| Mainstar Trust FBO Jeanette Ranson | | | 17 | $11,250.00 | $3,103.27 | **$4,695.68** | $7,798.95 | 69.32% |
| TD Ameritrade FBO Robert J. Nastase | | | 18 | $95,300.00 | $26,288.13 | **$39,777.64** | $66,065.77 | 69.32% |
| Peter and Jennifer Sschwarz | | | 20 | $120,000.00 | $33,101.52 | **$50,087.27** | $83,188.79 | 69.32% |
| Cheryl D. Eckley | | | 21 | $73,000.00 | $20,136.76 | **$30,469.76** | $50,606.52 | 69.32% |
| Brian Wilder | | | 24 | $2,584,593.91 | $712,949.97 | **$1,078,793.77** | $1,791,743.74 | 69.32% |
| Mainstar Trust FBO Ann H. Miltich | | | 27 | $50,000.00 | $13,792.30 | **$20,869.70** | $34,662.00 | 69.32% |
| Mainstar Trust FBO Jerry Robert King | | | 28 | $448,000.00 | $123,579.02 | **$186,992.48** | $310,571.50 | 69.32% |
| TD Ameritrade Clearing FBO Terry Floyd King IRA | | | 29 | $182,000.00 | $50,203.98 | **$75,965.68** | $126,169.66 | 69.32% |
| Scott Jernigan | | | 33 | $2,442,765.50 | $673,827.16 | **$1,019,595.45** | $1,693,422.61 | 69.32% |
| **TOTAL** | | | | **$36,252,107.75** | **$10,000,000.00** | **$15,131,409.17** | **$25,131,409.17** | **69.32%** |

# EXHIBIT A

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
Charlotte Division**

| | |
|---|---|
| **In re:** | **CASE NO. 17-30132** |
| **TSI Holdings, LLC[1] et al.,** | **CHAPTER 7**<br>Jointly Administered |
| **DEBTORS.** | |

## NOTICE OF HEARING

TAKE NOTICE that on **March 6, 2019, at 9:30 A.M. in Bankruptcy Courtroom 1-4 in the United States Courthouse, 401 West Trade Street, Charlotte, North Carolina**, this Court will conduct a hearing on the *Bankruptcy Trustee's (A) Motion for Authority to Make Second Interim Distribution on Bankruptcy Estate Base Claims and (B) Application to Pay Interim Compensation to Trustee* (the "Motion"). The Motion requests approval for the Trustee: (1) to make a second interim distribution to holders of allowed Base Claims against TSI, WSC, and SPP in the aggregate amount of **$15,131,409.17**; and (2) to pay a Trustee Commission calculated on the initial and this second interim distribution in the amount of **$777,192.27**.

Your rights may be affected. You should read this Notice carefully and discuss it with your attorney, if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one.

IF YOU DO NOT WANT THE COURT TO GRANT THE RELIEF REQUESTED IN THE MOTION OR IF YOU WANT THE COURT TO CONSIDER YOUR VIEWS ON THE MOTION, THEN **ON OR BEFORE MARCH 1, 2019** YOU OR YOUR ATTORNEY MUST FILE WITH THE COURT A WRITTEN RESPONSE EXPLAINING YOUR POSITION. The response must be filed electronically with the United States District Court for the Western District of North Carolina, www.ncwd.uscourts.gov . Under certain circumstances, if you are an individual who is not represented by an attorney, you may hand deliver your response to the Clerk of the United States District Court, 401 West Trade Street, Charlotte, NC 28202. If you qualify to file by hand delivery, you must deliver the response to the Court on or before the date stated above. FURTHER, YOU SHOULD ATTEND THE HEARING ON **MARCH 6, 2019 AT 9:30 A.M.** IN BANKRUPTCY COURTROOM 1-4 IN THE UNITED STATES COURTHOUSE, 401 WEST TRADE STREET, CHARLOTTE, N.C.

If you or your attorney do not take these steps, the Court may decide that you do not oppose the relief requested in the motion and may enter an order approving the motion.

---

[1] These jointly administered cases are those of the following debtors: TSI Holdings, LLC, Case No. 17-30132, WSC Holdings, LLC Case No. 17-30338 and SouthPark Partners, LLC Case No. 17-30339.

This, the 13th day of February, 2019.

>*/s/ Anna S. Gorman*
>Anna S. Gorman (N.C. State Bar No. 20987)
>Grier & Crisp PA
>101 North Tryon Street, Suite 1240
>Charlotte, North Carolina 28246
>Telephone: 704/375.3720; Fax: 704/332.0215
>agorman@grierlaw.com
>
>*Attorneys for Joseph W. Grier, III, Trustee*

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
Charlotte Division**

| | |
|---|---|
| **In re:** | **CASE NO. 17-30132** |
| **TSI Holdings, LLC[2] et al.,** | **CHAPTER 7** <br> Jointly Administered |
| **DEBTORS.** | |

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that copies of the foregoing *Bankruptcy Trustee's (A) Motion for Authority to Make Second Interim Distribution on Bankruptcy Estate Base Claims and (B) Application to Pay Interim Compensation to Trustee* and *Notice of Hearing* were served on those parties requesting notice in this case via ECF, on any party for whom the Trustee has a valid electronic mail address by electronic mail, and by online publication.

This, the 13th day of February, 2019.

> /s/ Anna S. Gorman
> Anna S. Gorman (N.C. State Bar No. 20987)
> Grier & Crisp PA
> 101 North Tryon Street, Suite 1240
> Charlotte, North Carolina 28246
> Telephone: 704/375.3720; Fax: 704/332.0215
> agorman@grierlaw.com
>
> *Attorneys for Joseph W. Grier, III, Trustee*

---

[2] These jointly administered cases are those of the following debtors: TSI Holdings, LLC, Case No. 17-30132, WSC Holdings, LLC Case No. 17-30338 and SouthPark Partners, LLC Case No. 17-30339.